**Ronald E. SMITH, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted Jan. 4, 1980.

Decided Feb. 6, 1980.

Marsha Kramarck and Richard E. Fairbanks, Jr., Asst. Public Defenders, Wilmington, for defendant-appellant.

Timothy H. Barron, Deputy Atty. Gen., Wilmington, for plaintiff-appellee.

Before HERRMANN, C. J., DUFFY and QUILLEN, JJ.

PER CURIAM:

The defendant, Ronald E. Smith, entered a plea of guilty to a charge of attempted robbery in the first degree. He was sentenced on that charge and he received a period of five years imprisonment with the specific notation that "Three (3) years of this sentence is mandatory, without probation or parole." The defendant appeals, claiming the Court below erred in imposing a mandatory minimum term of imprisonment for the crime of attempted robbery in the first degree.

The Code provides that robbery in the first degree is a class B felony. 11 *Del.C.* § 832. Under the general classification, the sentence provided for a class B felony is, *inter alia*, from 3 to 30 years imprisonment. 11 *Del.C.* § 4205(b)(2). In 1975, after the enactment of the current criminal code, including the general classification of sentences, the General Assembly added to the section dealing specifically with robbery in the first degree a provision that "[t]he minimum sentence of imprisonment required by this section and § 4205 of this title for a first offense shall not be subject to suspension, and no person convicted under this section shall be eligible for probation or parole during the first 3 years of such sentence." 11 *Del.C.* § 832(c); 60 Del.Laws, Ch. 240.

The law dealing with the crime of attempt provides in part that an "[a]ttempt to commit a crime is an offense of the same

grade and degree as the most serious offense which the accused is found guilty of attempting.". 11 Del.C. § 531.

In essence, the defendant alleges that the 1975 amendment to § 832 affected only the crime of robbery in the first degree since it talks about the "minimum sentence of imprisonment required by this section and § 4205" and particularly does not affect the crime of attempt where the statute speaks in terms of "an offense of the same grade and degree as the most serious offense which the accused is found guilty of attempting." 11 Del.C. §§ 832 and 531.

The State takes no major issue with the position of the defendant and indeed indicates that subsection (c) of § 832 "perhaps should not be applied to convictions for attempts because there seems to be no indication that the Legislature intended to increase the punishment for attempts when it added Subsection (c) to § 832 dealing with the crime of Robbery in the First Degree."[1]

It appears that the sentencing judge in the instant case imposed the mandatory sentence as a matter of precaution, realizing the issue would be presented to this Court on appeal. In an earlier Superior Court case, State v. Jackson, No. I78–02–0351, Judge Christie by letter opinion dated October 26, 1978, concluded, in sentencing for the crime of attempted robbery in the first degree, that the Court may impose any sentence permissible for class B felonies, not restricted by the mandatory minimum sentence the 1975 amendment provided for robbery in the first degree. In light of the specific amending language to § 832, the statute dealing solely with robbery in the first degree, and specifically the phrase "minimum sentence of imprisonment required by this section", it appears that the amendment did not apply to the crime of attempted robbery in the first degree. Moreover, since the general attempt statute speaks in terms of "the same grade and degree" of the offense attempted, the reference is to general classification and not to special penalty provisions relating to specific offenses. Thus, it seems clear by the statutory language alone that the mandatory minimum was not imposed for the crime of attempted robbery in the first degree. This conclusion is reinforced by Judge Christie's excellent opinion in the Jackson case and particularly the following comments on the defense arguments presented in that case which he found persuasive:

"1. The amendment requiring a minimum sentence for Robbery in the First Degree made no mention of Attempted Robbery in the First Degree and made no express provision for its application to attempts.

"2. The amendment did not change the general classification of Attempted Robbery in the First Degree as a Class B Felony. It merely set a specific minimum sentence for a different Class B Felony, that is, for Robbery in the First Degree.

"3. The obvious intent of the amendment was to provide severe mandatory penalties for Robbery in the First Degree, but there was no apparent intent to remove the flexibility as to sentencing from other closely related crimes such as Robbery in the Second Degree. Attempted Robbery in the First Degree is a serious crime where the Judge should have the option of imposing a severe penalty, but as an attempt, it often lacks the aggravating features which characterize Robbery in the First Degree. . . ."

Since there is no issue presented with regard to the validity of the guilty plea, the conviction will stand. Insofar as sentence is concerned, however, the sentence imposed is set aside and the case is remanded for reimposition of sentence consistent with this opinion.

---

1. We commend the State for its disinterested view of the statute. It is helpful when the State looks at statutory construction questions with a view toward the fair and uniform administration of justice and does not automatically make a contrary response to every application. In this instance, the State has obviously given the matter considerable thought and has, in the best ethical tradition of prosecution, assumed responsibility for achieving justice in general and responsibility for this record in particular.