**Louis A. GIBBS, Appellant,**

v.

**STATE of Delaware, Appellee.**

Supreme Court of Delaware.

April 25, 1967.

Merrill C. Trader, Deputy Atty. Gen., Dover, for the State.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

This is an appeal from the denial of a motion under Criminal Rule 35(a), Del.C. Ann. to correct an illegal sentence.

In 1964 the prisoner was charged by five separate indictments with five charges of Fourth Degree Burglary. He received a sentence of five years on each charge. In addition, he was sentenced under 11 Del.C. § 3911, to life imprisonment as an habitual criminal. From the life sentence he appealed and won a reversal on the ground that the referred-to statute did not create a criminal offense for which he could be separately charged and convicted. Gibbs v. State, Del., 208 A.2d 306. Following receipt of our mandate on March 24, 1965, the prisoner remained in the custody of the Correctional Authorities under the five-year sentences imposed on the five burglary charges.

On August 31, 1965 the Correctional Authorities requested clarification by the Superior Court of the five sentences received by Gibbs on the five burglary charges. Specifically, the Authorities wanted to know whether the five sentences ran concurrently or consecutively. The Authorities were advised that the sentences ran consecutively.

Subsequently, the prisoner petitioned * the Superior Court for relief from a claimed illegal sentence. This motion was denied after which the prisoner addressed a letter to this Court which we directed be considered a praecipe on appeal from the denial of his motion under Rule 35.

James F. Kipp, Asst. Public Defender, Wilmington, for appellant.

* Actually the application was by letter, but it was treated by the Superior Court as a motion under Criminal Rule 35.

The docket in the case shows for March 6, 1964 the following sentence imposed on the prisoner:

"Sentence: Pay the costs. Be imprisoned for five (5) years on each charge. Sentence to be concurrent with the one for life imprisonment. Defendant committed to the State Board of Corrections."

In the view of the sentencing Judge, the sentence entered in the docket was ambiguous and did not correctly reflect the sentences he had imposed on the prisoner since he had directed that the several five-year sentences were to run consecutively as to each other, but concurrently with the life sentence. He accordingly, pursuant to Criminal Rule 36, ordered the correction of the judgment erroneously recorded.

■ We think it clear from the record before us that the sentencing Judge at the time of imposition of sentence actually imposed in open court five consecutive five-year sentences. This conclusion flows not only from the sentencing Judge's recollection of the event, but from a contemporaneous notation in his handwriting to that effect appearing on the first page of the presentence investigation report on the prisoner. Accordingly, the question before us is whether the authority of Rule 36 may be invoked to correct an ambiguous or erroneous recording of a sentence imposed in open court.

■ We think it may be invoked. Indeed, the rule itself is merely declaratory of the inherent authority the Superior Court has to amend its records to make them conform to the facts and truth of the case. 21 Am.Jur.2d § 574; Annotation, 5 A.L.R. 1127. We think it clear that this is what the sentencing Judge intended, i. e., to make the record conform to the actual sentence imposed.

The prisoner does not seem to seriously dispute that the sentencing Judge intended the sentences to run consecutively, but he argues that the record as corrected is ambiguous and fails to satisfy the need for preciseness and clarity in sentences. He cites United States v. Patterson, 3 Cir., 29 F. 775, and United States v. Dougherty, 269 U.S. 360, 46 S.Ct. 156, 70 L.Ed. 309.

Specifically, the prisoner argues that if two or more sentences are imposed, directed to run consecutively without a designation as to which one precedes the other, then so serious an ambiguity results as to require a holding that the sentences run concurrently.

■ We think, however, to the contrary. The five sentences imposed on the prisoner were based upon five separate indictments for Fourth Degree Burglary. Presumably, each separate crime was as serious as the other since the same term of imprisonment was imposed on each. To be sure, the sentencing Judge did not designate the order in which these sentences were to be served, but that poses no problem to the custodial authorities. The sentences are to be served consecutively in the numerical order of the indictments.

The judgment below is affirmed.