**Gary Alan READER, Defendant below, Appellant,**

v.

**STATE of Delaware, Plaintiff below, Appellee.**

Supreme Court of Delaware.

Submitted Nov. 18, 1975.

Decided Dec. 12, 1975.

Alan S. Yoffie, of Murdoch & Walsh, P. A., Wilmington, for defendant below, appellant.

L. Kent Wyatt, Deputy Atty. Gen., and Jeffrey M. Weiner, Special Prosecutor, Wilmington, for plaintiff below, appellee.

Before HERRMANN, Chief Justice, McNEILLY, Justice, and QUILLEN, Chancellor.

McNEILLY, Justice:

This is defendant's consolidated appeal from convictions in two Superior Court trials, the first for conspiracy and delivery of marijuana, and the second for burglary in the third degree, three felony theft charges, and possession of a deadly weapon during the commission of a felony.

We find no merit in defendant's arguments that the evidence was insufficient to convict for conspiracy, and that the Court erred in denying his motion for judgment of acquittal or a new trial as to the first trial because of new evidence discovered during the second trial. Thus we will consider only his argument that he was placed in jeopardy three times on the felony theft charges because all three alleged offenses occurred at the same time and place and thus constituted but one offense.

I

Defendant, with an informant and an undercover policeman, pursuant to a preconceived plan, broke into the "Lawn King" building, a combination warehouse, garage, and office, which housed various equipment belonging to a tenant, a franchisor and its franchisee. After gaining entry into the garage area, the undercover man stood guard while defendant and the informant went to the adjoining office and brought back several items which they placed in the back of a pickup truck found in one of the garage bays. Defendant proceeded to back the truck, attached to which was a trailer carrying a small tractor, out of the garage, and instructed the undercover man to drive out a van located in an adjoining garage bay. At this point, about five to ten minutes after the parties had originally entered the building, the police arrived and arrested defendant.

II

Defendant, having stolen property belonging to three different owners, was charged with three counts of felony theft under 11 Del.C. § 841 which provides:

"A person is guilty of theft when he takes, exercises control over or obtains

property of another person intending to deprive him of it or appropriate it."

The purpose of this provision is made clear by the Commentary to it:

"The problem seems at first blush a simple one: we want to punish anyone who has unlawfully acquired property which doesn't belong to him, and to which he has no right."

"Property of another person" is defined in 11 Del.C. § 857(5) as follows:

" 'Property of another person' includes property in which any person other than the defendant has an interest which the defendant is not privileged to infringe, regardless of the fact that the defendant also has an interest in the property and regardless of the fact that the other person might be precluded from civil recovery because the property was used in an unlawful transaction or was subject to forfeiture as contraband. Property in possession of the actor shall not be deemed property of another who has only a security interest therein, even if legal title is in the creditor pursuant to a conditional sales contract or other security agreement."

■ From the foregoing, it is clear that "ownership" is not an element of the offense;* "property of another person" simply describes the subject of theft as property to which defendant has no right to possess. *State v. Shahan,* Del.Super., 335 A.2d 277 (1975).

■ Recognizing this we must agree with the defendant and adopt the rule espoused by the overwhelming majority of jurisdictions; that where property belonging to different owners is taken at the same time and place as a single or continuous act or transaction, that taking constitutes a single criminal offense; see *Anno.* 37 A.L.R.3rd 1407 "Single Or Separate Larceny Predicated Upon Stealing Property From Different Owners At The Same Time."

In adopting the single theft rule, we concur with the following statement in *State v. Sampson,* 157 Iowa 257, 138 N.W. 473 (1912):

"There is no logical escape from this conclusion that the theft of articles belonging to different persons at the same place and time constitutes a single offense. The matter of ownership does not characterize the crime. Neither the legal nor moral phase of the offense is affected by the fact that portions of property taken may have belonged to different persons, and there is no ground, on the one hand, for allowing the state to split up the single act of the accused into subjects for several prosecutions, nor, on the other hand, for denying it the right to prosecute for the entire transaction as a single offense, aggravated by increased value of all the property stolen." 138 N.W. at page 475.

---

* In this respect, the statutory crime of felony theft may be somewhat broader than our former statutory and common law larceny which made "ownership" an essential element of the crime. *State v. Carr,* Del.Gen.Sess., 4 Pennewill 523, 57 A. 370 (1904). However, even this apparently strict requirement began to give way. In *State v. Robinson,* Ct.Gen. Sess., 7 Boyce 106, 103 A. 657 (1918) the jury was instructed:

"The indictment in this case charges that the corn alleged to have been stolen was the property of William Legg, but it is not essential that the state should have proved that he was the sole or actual owner. It is sufficient if it is shown to your satisfaction that Legg had the lawful possession of the corn at the time it was stolen."

Similarly in *State v. Savage,* Ct.Gen.Sess., 7 W.W.Har. 509, 186 A 738 (1936) the Court instructed that the defendant's intent must be wholly to deprive the owner of the property, but modified "owner" by requiring the state to prove: "that the person alleged to be the owner had a general or special property in the goods taken." Subsequently, in *State v. Norris,* Ct.Gen.Sess., 6 Terry 333, 73 A.2d 790 (1950) the indispensable elements of larceny were stated to be: "[T]he taking and carrying away of personal property from the possession of another with the intent to deprive him of the property."

## III

The State may not split up and separately prosecute distinct parts of the same crime. Therefore, as we hold that defendant here committed but one theft offense, the convictions and sentences of theft counts 6 and 7 must be stricken. On remand, the sentencing court shall determine if the sentence imposed is still appropriate in light of this decision, and if not, shall resentence accordingly. *Brown v. U. S.* (4 Cir.) 483 F.2d 116 (1973).

\*   \*   \*   \*   \*   \*

Affirmed in part and reversed and remanded in part.