423 A.2d 747

**COMMONWEALTH of Pennsylvania**

v.

**John BUCCI, Appellant.**

Superior Court of Pennsylvania.

Submitted March 21, 1980.

Filed Dec. 12, 1980.

Nino V. Tinari, Philadelphia, for appellant.

Nicholas Barna, District Attorney, Honesdale, for Commonwealth, appellee.

Before HESTER, WICKERSHAM and LIPEZ, JJ.

HESTER, Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Wayne County. Following a jury

trial, appellant was convicted of receiving stolen property and criminal conspiracy. Post verdict motions were denied and a sentence of 2–4 years in jail was imposed. This appeal followed.

The above convictions arose out of the robbery of the First National Bank of Pike County in April, 1975. Testifying for the Commonwealth were the two men who robbed the bank. Their testimony indicated that following the robbery, they met with appellant to discuss a means of getting rid of the stolen money and the guns they had used in the robbery. Agreement was reached that all the money and the guns were to be delivered to appellant, who would then dispose of them and return a portion of the proceeds to the other two. After this action was completed, however, the robbers were arrested, subsequently confessed and implicated appellant.

■ Appellant first asserts that the convictions of conspiracy to receive stolen property and receiving stolen property cannot stand simultaneously.

In support of this contention, appellant relies on the "Wharton Rule" which states that an agreement between two persons to commit a crime cannot be prosecuted as a conspiracy when the crime is of such a nature as to necessarily require the participation of two persons for its commission. See *Iannelli v. United States*, 420 U.S. 770, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975).

The rule, however, rather than being regarded as blackletter law, is looked on merely as a presumption of law, to be applied in absence of legislative intent to the contrary. *Iannelli*, supra, at 782, 95 S.Ct. at 1292.

In Pennsylvania, we have never followed "Wharton's Rule"; clearly, conspiracy does not merge with the substantive offense. *Commonwealth v. Miller*, 469 Pa. 24, 364 A.2d 886 (1976); *Commonwealth v. Torbeck*, 266 Pa.Super. 535, 405 A.2d 948 (1979).

The rationale for this is that our courts have considered that a partnership in crime presents a greater potential

threat to the public than individual behavior. See *Commonwealth v. Miller*, supra.

Even if Pennsylvania accepted the validity of "Wharton Rule", we believe that it would be inapplicable to the instant case.

Classic cases for application of Wharton's Rule were adultery, incest, bigamy and dueling–crimes where the parties to the agreement are the only persons who participate in the commission of the substantive offense and the immediate consequences of the crime rest on the parties themselves rather than on society at large. Thus the agreement in those cases does not appear likely to pose the threats to society that the law of conspiracy seeks to avert. *Iannelli v. United States*, supra, at 420 U.S. 782, 783, 95 S.Ct. at 1292, 1293.

In addition, Wharton's Rule applies only where the substantive offense requires concerted criminal conduct; the offense here does not.[1] Thus we dismiss this contention.

Secondly, appellant contends that the court erred in denying its Petition for a Writ of Coram Nobis.

Coram Nobis (Lit: "before us ourselves") is a common law writ which is brought before the same court which convicted, in order to challenge the validity of the conviction based on facts which were not before the court when the judgment was entered, *Commonwealth v. Sheehan*, 446 Pa. 35, 285 A.2d 465 (1971), and which through no fault of the party, were not presented and which would have *prevented* the entry of judgment. *Commonwealth v. Harris*, 351 Pa. 325, 41 A.2d 688 (1945).

---

1. Receiving stolen property is defined as follows:

(a) Offense defined.–A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that.it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner.

(b) Definition.–As used in this section the word "receiving" means acquiring possession, control or title, or lending on the security of the property. 18 Pa.C.S. § 3925.

■ Generally to collaterally attack a criminal conviction one must proceed in accordance with the Post Conviction Hearing Act.[2]

However, the PCHA did not abrogate common law writs which cover situations not covered by PCHA. *Commonwealth v. Sheehan,* supra.

Since PCHA affords relief only to one who is incarcerated or on parole or probation, the availability of Coram Nobis to the instant appellant, who was neither in jail nor on probation or parole is not contested.

Rarely, however, has the writ ever been successfully invoked. *Harris,* supra, 351 Pa. at 330, 41 A.2d at 691.

In the petition filed below, appellant asserted that despite due diligence, he did not discover until judgment was entered the fact that the Commonwealth's chief witness, Gerald Stanton, had previously filed a motion to suppress a statement given to police.

Stanton had been arrested and indicted in Pike County for the bank robbery. Shortly thereafter a statement was given by him to police. Subsequent thereto, he filed the suppression motion wherein he alleged that the statement was given by him against his will in that the police did threaten to arrest his wife if a statement was not given.

The suppression motion was never acted upon because Stanton decided to plead guilty.

Appellant asserts that at trial, the Commonwealth solicited answers from Stanton to the effect that the statement was voluntary, thus the failure to have knowledge of the previously filed and verified suppression motion prevented

2. This act, Act of January 25, 1966, P.L. (1965) 1580, No. 554, 19 P.S. § 1180–1 et seq., was repealed by the "Judiciary Act Repealer Act" (JARA) Act No. 1978–53, 42 Pa.C.S. § 20002, sub. (a) [1397] effective June 27, 1980. Thus the practice and procedure of the Act were to be governed by Pa.R.Cr.P. 1501–6 pursuant to § 20003(b) of J.A.R.A.
   However, the Legislature, via Act No. 1980–77, delayed the effective date of J.A.R.A.'s repeal of P.C.H.A. until June 27, 1981. Simply put, the Act is still effective!

defense counsel from properly impeaching Stanton's testimony.

■ We believe, however, that appellant's Petition for a Writ of Coram Nobis was properly denied.

■ The writ is not to be granted where the missing facts *might have* prevented the entry of judgment; but only where they *would have* prevented the entry of judgment. *Harris*, supra.

In *Harris*, the court summarized cases where relief was properly granted:

> In this proceeding it is of course necessary to suggest a new fact upon the record, from which the error in the first judgment will appear: thus, supposing the defendant, being an infant has appeared by attorney instead of guardian, it will be necessary to suggest the fact of his infancy of which the court was not before informed. There is therefore no inconsistency in bringing this writ of error before the same judges who pronounced the judgment in the first instance; because they are required to pronounce upon a new state of facts, without impeachment of the former judgment on the facts as they then stood . . . . The coverture of a woman who was not given by statute the power to sue or defend without her husband has also been held to be ground for the writ where the husband was not joined with her and such fact was not brought to the attention of the court. . . . (citations omitted) *Id.*, 351 Pa. at 328, 41 A.2d at 690.

Here, although this attack on the credibility of Stanton *might* have prevented the appellant's conviction, clearly the evidence adduced in lieu of his testimony was sufficient to sustain the conviction, thus even if the jury were to have found Stanton unreliable, they still would not have been precluded from finding appellant guilty.

While certainly it can be said that this missing fact would have been a valuable addition to the defense, we believe that

it is not of the type such as is required to grant relief under a Writ of Coram Nobis.

Thus we affirm.