**Lloyd C. FULLMAN, Jr., Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted Dec. 10, 1980.

Decided June 16, 1981.

---

Richard E. Fairbanks, Jr. (Argued), Assistant Public Defender, Wilmington, for defendant below, appellant.

Jeffrey S. Welch (Argued), Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before the Court en Banc HERRMANN, C.J., and DUFFY, McNEILLY, QUILLEN and HORSEY, JJ.*

McNEILLY, Justice:

The defendant was tried and convicted at a jury trial on multiple criminal charges including, *inter alia*, one count of Attempted Robbery First Degree and a corresponding count of Possession of a Deadly Weapon During the Commission of a Felony. The facts relating to the crimes and the prosecution of the case in the Superior Court may be found in our prior decision wherein we affirmed the convictions and sentences on direct appeal. *Fullman v. State*, Del.Supr., 389 A.2d 1292 (1978). For present purposes

---

* Rehearing en Banc was ordered pursuant to Supreme Court Rule 4(d).

we need only focus on certain limited facts relating to the sentences imposed by the Trial Court on the two convictions specified above and the procedure followed in resentencing the defendant subsequent to this Court's decision in *Davis v. State*, Del.Supr., 400 A.2d 292 (1979).

Initially the defendant received consecutive "minimum mandatory" prison sentences on the two specified convictions. On the Attempted Robbery First Degree conviction a ten year sentence was imposed. Because the Trial Judge found the provisions of 11 *Del.C.* § 832(b) applicable to the defendant, this sentence was declared "not subject to probation or parole."[1] On the Possession of a Deadly Weapon During the Commission of a Felony conviction a five year "minimum mandatory" sentence was imposed pursuant to 11 *Del.C.* § 1447(b).[2] After this Court's affirmance on direct appeal, the defendant moved for correction of his sentence in the Trial Court pursuant to Superior Court Criminal Rule 35. The primary contention advanced by the defendant in support of his motion was that under this Court's later decision in *Davis*, his conviction and sentence on the weapons offense corresponding to the attempted robbery felony were invalid. The State conceded the correctness of the defendant's argument. Thereafter, the Trial Court, without holding a hearing and without the presence of the defendant or his counsel, proceeded to correct the defendant's sentence in accordance with the dictates of *Davis*. Specifically, the Trial Court vacated the conviction for the weapons offense and resentenced the defendant on his attempted robbery conviction to a "minimum mandatory" term of ten years plus an additional term of five years imprisonment. Thus, the Trial Court on resentencing imposed a single sentence on the attempted robbery conviction which was approximately equal to the combined sentences previously imposed on both convictions, as *Davis* indicated was permissible. See 400 A.2d at 297. At the time of the resentencing defendant had not yet begun to serve either of the sentences initially imposed since he was at the time serving a sentence on a totally unrelated case. From this action of the Superior Court the defendant has appealed. We must reverse and remand for resentencing.

■ The defendant first argues that the Trial Court erred in sentencing him on the attempted robbery conviction pursuant to the second offender provisions of § 832(b). The defendant's position relies heavily on our recent decision in *Smith v. State*, Del. Supr., 412 A.2d 331 (1980), wherein we held the "minimum mandatory" sentencing provisions of § 832(c) inapplicable to the crime of attempted robbery. We agree with the defendant that the rationale in *Smith* applies with equal force in the present context. Specifically, § 832(b) is by its express terms applicable only where there has been a second or subsequent conviction for "robbery in the first degree." The statute does not authorize a sentencing judge to apply its relatively more severe terms to one convicted on a charge of Attempted Robbery

---

1. Section 832 provides as to sentencing:

   "(b) Notwithstanding §§ 4205(b)(2) and 4215 of this title, a person convicted a second or subsequent time for robbery in the first degree shall be sentenced to a term of imprisonment for not less than 10 nor more than 30 years and the court shall not suspend the sentence of such person, nor give such person a probationary sentence, nor shall the term of imprisonment imposed under this section run concurrently with any other term of imprisonment imposed for the commission of such offense.

   "(c) The minimum sentence of imprisonment required by this section and § 4205 of this title for a first offense shall not be subject to suspension, and no person convicted under this section shall be eligible for probation or parole during the first 3 years of such sentence."

   Section 4205(b)(2) provides that a term of imprisonment from three to thirty years may be imposed on a conviction for a Class B felony, including the Attempted Robbery First Degree conviction in this case.

2. Section 1447(b) provides:

   "Notwithstanding § 4205 of this title, the minimum sentence for a violation of this section shall be not less than 5 years which minimum sentence *shall not be subject to* suspension and no person convicted for a violation of this section shall be eligible for parole or probation during such 5 years."

First Degree. Therefore, the Trial Court erred in imposing a "minimum mandatory" term of imprisonment on the defendant's attempted robbery conviction pursuant to § 832(b). Thus, we must remand the case to the Trial Court to eliminate this aspect of the sentence.

■ The defendant next claims that the Trial Court violated his constitutional guaranty against double jeopardy by increasing the attempted robbery sentence by five years. As noted above, when the Trial Court on resentencing imposed the increased sentence on the attempted robbery conviction which equaled the two sentences originally imposed on both the attempted robbery and the corresponding weapons offense convictions, he was acting in accordance with the holding of this Court in *Davis*. See 400 A.2d at 297. However, as the defendant correctly observes, this Court has more recently revised its view of what is required in *Davis*-type resentencings. In *Hunter v. State*, Del.Supr., 420 A.2d 119, 132 (1980), we held:

> "Thus, any post-appeal sentence imposed in a *Davis*-type case may not exceed the sentence originally imposed for the conviction which remains, *if the defendant has begun to serve the sentence.* Any ruling to the contrary in the *Davis* opinion is abandoned." (Emphasis added).

The defendant argues that he is entitled to application of the *Hunter* resentencing rule, contending that at the time of his Rule 35 motion he had begun to serve his attempted robbery sentence in the constitutional sense. Thus, the defendant claims he could not be resentenced on the attempted robbery conviction to more than the ten years originally imposed. The State takes the position that the defendant has not yet begun to serve the sentence on the attempted robbery conviction.[3] Therefore, the State says the Trial Court could, consistent with *Hunter*, increase the attempted robbery sentence on the defendant's Rule 35 motion as was done in this case.

Because we agree with the State that the defendant had not, at the time of resentencing, and still has not begun to serve the sentence imposed on the Attempted Robbery First Degree conviction, we hold that the *Hunter* resentencing rule is not applicable in this case. Rather, the *Davis* resentencing rule controls. Therefore, at the Rule 35 resentencing the Trial Judge was not limited (and will not be limited on remand) to the sentence imposed initially for the attempted robbery conviction, but the new sentence could not exceed (and cannot exceed on remand) the combined duration of the two terms initially imposed for the attempted robbery and the weapons offenses. See *Davis*, 400 A.2d at 297. This conclusion fully comports with the caselaw as developed by this Court. Moreover, we are convinced that the imposition of such an increased term of imprisonment upon resentencing under the facts of this case poses no double jeopardy problem. See *United States v. Busic*, 3d Cir., 639 F.2d 940 (1981).

■ The defendant's final claim is that the Trial Judge erred in resentencing him without holding a hearing and without the defendant and his counsel being present. We have had recent occasion to consider a similar argument. In *Hooks v. State*, Del. Supr., 429 A.2d 1312 (1981), the defendants had been convicted of Murder First Degree

---

3. The record conclusively establishes that in any practical sense the defendant has not yet begun to serve the sentence on his attempted robbery conviction. At the time of the original sentencing in this case the defendant was serving a seven year sentence on an unrelated conviction; carried to its maximum, this unrelated sentence may not expire until 1983. All sentences imposed for the convictions in this case were made to run consecutively to the unrelated sentence. Moreover, all of the sentences imposed for the related crimes in the instant prosecution were made to run consecutively with each other, and the attempted robbery sentence is not due to begin until the defendant has first served a ten year sentence on his related conviction for Attempted Murder First Degree and a five year "minimum mandatory" sentence on his conviction for Possession of a Deadly Weapon During the Commission of the attempted murder. Thus, if the defendant is required to fully serve all of these sentences to their maximum, it may be as late as 1998 before he will actually begin to serve the sentence imposed on the attempted robbery conviction.

and sentenced to death. Subsequent thereto, that portion of the statute requiring imposition of the death penalty, see 59 Del. Laws, c. 284, § 2, was declared unconstitutional in *State v. Spence*, Del.Supr., 367 A.2d 983 (1976). However, we further held in *Spence* that the remainder of the murder sentencing provision was severable and constitutional. 367 A.2d at 989. That valid portion of the statute provided, "If the penalty of death is determined to be unconstitutional the penalty for first degree murder shall be life imprisonment without benefit of parole." Consequently, the result in *Spence* was that those defendants who had been unconstitutionally sentenced to death under 59 Del. Laws, c. 284, § 2, were to be resentenced to life imprisonment without benefit of parole.

After our decision in *Spence*, we affirmed the *Hooks* defendants' murder convictions on appeal noting, however, that *Spence* required resentencing on those convictions. *Hooks v. State*, Del.Supr., 416 A.2d 189, 208 n. 10 (1980). On remand, the Superior Court Judge who had presided at trial issued a written order, in compliance with *Spence*, vacating the death sentences and imposing sentences of life imprisonment without benefit of parole. The defendants appealed claiming their rights had been violated when the Trial Judge resentenced them to the mandatory life terms by written order rather than in open court in the presence of defendants and their counsel. We rejected these claims, and affirmed the Superior Court, holding:

> "Given the fact that (a) when the original sentences were imposed defendants were in court with counsel and had an opportunity to be heard both personally and through counsel, and that (b) the Trial Judge had no discretion in imposing the life sentences after remand, we find no reversible error in these special circumstances."

*Hooks v. State, supra*, 429 A.2d at 1314.

The case *sub judice* is factually similar to the most recent *Hooks* case in that when Mr. Fullman was originally sentenced on the instant attempted robbery conviction

after trial he was in court with counsel and had the opportunity to be heard both personally and through counsel. However, there are critical differences between the two cases. Unlike in *Hooks*, the Trial Judge in this case had a significant amount of discretion in resentencing this defendant on his Rule 35 motion. Although, as we have already held, the Trial Judge could resentence the defendant on the attempted robbery conviction to a term of imprisonment equal to but not exceeding the combined duration of the two terms initially imposed for the attempted robbery and the weapons offenses, the Trial Judge did not have to do so and could have imposed a significantly reduced prison term or other lesser sentence. By comparison, the Trial Judge in *Hooks* had no discretion whatsoever: both the statute there involved and this Court's remand order required the Judge to do one thing and only one thing, *i. e.*, resentence the defendants to mandatory terms of life imprisonment without benefit of parole.

Moreover, the instant situation is distinguishable from *Hooks* in that this case was initiated by the defendant's Rule 35(a) motion for correction of his sentence following *Davis*. The Rule expressly requires that, "Unless the motion and the files and records of the case show to the satisfaction of the Court that the applicant is not entitled to relief, the Court shall cause notice thereof to be served on the Attorney General, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Clearly, the appropriate documents in this case showed that the defendant was entitled to relief. Therefore, under the Rule, the Superior Court was required to hold a hearing on the motion but did not do so. We do not mean to imply that under the facts presented the Trial Judge was required to hold two separate in court proceedings, one for the Rule 35(a) hearing and another for the actual resentencing. So long as the defendant and his counsel are present and are given the opportunity to be heard, both of these objectives may be accomplished in a single proceeding. Because the defendant's right to be present person-

ally and with counsel at his sentencing were violated, we must reverse and remand the case to the Trial Court.

The decision of the Superior Court is hereby REVERSED and REMANDED for further proceedings consistent herewith.