Stephen R. GUYER, Defendant
Below, Appellant,

v.

STATE of Delaware, Appellee.

Supreme Court of Delaware.

Submitted: Oct. 5, 1982.
Decided: Nov. 17, 1982.

Stephen R. Guyer, pro se.

J. Patrick Hurley, Deputy Atty. Gen., Wilmington, for appellee.

Before QUILLEN, HORSEY and MOORE, JJ.

MOORE, Justice:

 Stephen R. Guyer appeals his convictions of Receiving Stolen Property, 11 *Del.C.* § 851,[1] and Conspiracy in the second degree, 11 *Del.C.* § 512.[2] We address two principal issues raised by the defendant. First, when there has been a merger of certain charges upon which the defendant was previously convicted and sentenced, may the sentencing judge without increasing the defendant's total term of imprisonment reassign the sentences earlier imposed to different charges?[3] Second, the applicability of 11 *Del.C.* § 521(c), prohibiting a conviction of conspiracy to commit a crime when the person with whom the defendant is alleged to have conspired is necessarily involved in the commission of the offense.[4] Upon consideration of the facts and legal principles pertinent to these issues, we affirm.

I.

In October, 1976, Guyer and an associate, Paul Bless, were purportedly in the business of securing loans and second mortgages for persons in need of such financing. Another cohort, James McCartney, was at that time employed by Bryn Mawr Hospital. McCartney's duties included the deposit of tuition checks received from persons in the hospital's student nursing program.

On August 8, 1978, Guyer was indicted on three counts each of Receiving Stolen Property, 11 *Del.C.* § 851, and Conspiracy Second Degree, 11 *Del.C.* § 512. At trial before a jury, McCartney testified that: (i) he stole three checks from the hospital, taking them to Guyer to "launder" them

---

1. 11 *Del.C.* § 851:

 A person is guilty of receiving stolen property if he intentionally receives, retains or disposes of property of another person with intent to deprive the owner of it or to appropriate it, knowing that it has been acquired under circumstances amounting to theft, or believing that it has been so acquired.

 Receiving stolen property is a class A misdemeanor unless the value of the property received, retained or disposed of is $300 or more, or unless the receiver has twice before been convicted of receiving stolen property, in which case it is a class E felony.

2. 11 *Del.C.* § 512:

 A person is guilty of conspiracy in the second degree when, intending to promote or facilitate the commission of a felony, he:

 (1) agrees with another person or persons that they or 1 or more of them will engage in conduct constituting the felony or an attempt or solicitation to commit the felony; or

 (2) agrees to aid another person or persons in the planning or commission of the felony or an attempt or solicitation to commit the felony, and he or another person with whom he conspired commits an overt act in pursuance of the conspiracy.

 Conspiracy in the second degree is a class E felony.

3. While counsel and the sentencing judge referred to the reassignment of sentences based upon a "merger" of offenses, it appears more accurately that they were referring to the single theft rule adopted by this Court in *Reader v. State,* Del.Supr., 349 A.2d 745 (1975). Under that rule, when property belonging to different owners is taken at the same time and place, only one theft count, not multiple counts, will lay for the taking. 349 A.2d at 747. We held this rule applicable in *Reader* because the statutory crime of felony theft, 11 *Del.C.* § 841, does not require "ownership" as an element of the offense. Indeed, section 841 provides that "a person is guilty of theft when he takes, exercises control over or obtains *property of another person* intending to deprive him of it or appropriate it" (emphasis supplied). As we said in *Reader,* "property of another person", defined in 11 *Del.C.* § 857(5), simply describes the subject of theft as property which the defendant has no right to possess. 349 A.2d at 747.

 Similarly here, 11 *Del.C.* § 851, Receiving Stolen Property, *supra* note 1, requires, *inter alia,* receipt, retention or disposal of "property of another person". Accordingly, the single offense rule is applicable in this case. See also this Court's explanation of the subject in *Passerin v. State,* Del.Supr., 419 A.2d 916, 924–25 (1980).

4. 11 *Del.C.* § 521(c) provides in pertinent part:

 (c) No person may be convicted of conspiracy to commit an offense when an element of the offense is agreement with the person with whom he is alleged to have conspired, or when the person with whom he is alleged to have conspired is necessarily involved with him in the commission of the offense.

through Guyer's checking account; (ii) McCartney and Guyer had earlier discussed both this scheme and possible explanations if it was discovered; (iii) on this occasion Guyer gave McCartney three checks for $500 each in return for three $750 checks from McCartney; and (iv) McCartney told Guyer the three $750 checks were stolen by him from Bryn Mawr Hospital.

The jury found Guyer guilty as charged. Later, he was tried and convicted on an unrelated indictment before a different judge and jury. With Guyer's consent, the second trial judge sentenced him on both sets of convictions.

At sentencing, the judge made it clear that he intended to impose an aggregate of two years incarceration for all convictions. The State advised the court of the possibility that certain of the offenses had merged. The court then sentenced the defendant to one year imprisonment each on two of the Receiving Stolen Property convictions, six months probation for the remaining Receiving offense and six months probation for each of the three Conspiracy convictions.

After the defendant began his term of imprisonment, and upon motion by the State, the court ordered the above sentences corrected, merging the three Receiving charges into one offense and the three Conspiracy charges into a second. Accordingly, the court struck the earlier sentences reassigning to the newly-merged Conspiracy offense the sentence of one year incarceration originally imposed for one of the Receiving offenses. As reassigned, the sentence thus included terms of one year imprisonment for the Receiving offense and one year for Conspiracy.

## II.

■ Guyer first argues that the sentencing judge's reassignment of the original sentences of incarceration to different charges, following a determination of merger, violated his constitutional guarantee against double jeopardy, because it effectively increased the sentence in one of the Conspiracy offenses from six months probation to one year in prison. He contends that the reassignment was virtually a re-sentencing in violation of *Fullman v. State,* Del.Supr., 431 A.2d 1260 (1981) and *Davis v. State,* Del.Supr., 400 A.2d 292 (1979), because his sentence was increased after he had begun serving it. We disagree.

The sentence correction that occurred here is clearly authorized by statutory and decisional law of Delaware. Superior Court Criminal Rule 36; *Gibbs v. State,* Del.Supr., 229 A.2d 502 (1967).

Criminal Rule 36 empowers the Superior Court to correct clerical mistakes or errors in the record resulting from "oversight or omission".[5] In *Gibbs,* this Court applied the Rule to affirm a sentencing judge's correction of his ambiguous or erroneous recording of a sentence. 229 A.2d at 504. There, the sentencing judge expressed his intent to impose five consecutive five-year sentences, to be served concurrently with a sentence for life imprisonment. The sentence entered in the docket, however, was ambiguous, if not erroneous, stating in part: "[i]mprisonment for five (5) years on each charge. Sentence to be concurrent with the one for life imprisonment." The docket entry thus created the mistaken impression that the five-year sentences were to run concurrently with one another, not consecutively as intended.

In affirming the judge's Rule 36 order of correction, this Court looked to both the judge's recollection of the event and contemporaneous notations in his handwriting which appeared on the presentence report. Here, too, we must examine the court's expressed intent at the time of sentencing and any tangible evidence of that intent. Indeed, a letter from the judge to defense counsel is dispositive on this point. It shows that at the time of sentencing the judge knew that the sentences of two years

---

**5.** Rule 36 provides:

"Rule 36, Clerical Mistakes

Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the Court at any time and after such notice, if any, as the Court orders."

incarceration may later have to be reassigned to different indictment numbers because of merger. The sentence ultimately imposed, therefore, merely manifested his original intent.

*Fullman v. State,* Del.Supr., 431 A.2d 1260 (1981) and *Davis v. State,* Del.Supr., 400 A.2d 292 (1979), relied upon by the defendant, are not controlling here. *Davis* and *Fullman* each involved post-appeal resentencing. *Hunter v. State,* Del.Supr., 420 A.2d 119 (1980), decided after *Davis* but prior to *Fullman,* completes the decisional trilogy that gives shape to this State's standard for post-appeal resentencing.

In *Fullman,* the trial court initially sentenced the defendant to ten years incarceration on convictions of Attempted Robbery First Degree, 11 *Del.C.* § 832(b), and Possession of a Deadly Weapon During the Commission of a Felony, 11 *Del.C.* § 1447(a). Upon the defendant's motion for post-conviction remedy, the weapons charge was declared invalid. On resentencing, the trial court imposed an increased sentence on the Attempted Robbery conviction, i.e., a sentence which equaled the two sentences imposed earlier on both convictions. The defendant appealed, arguing that increasing the attempted robbery sentence was violative of double jeopardy. 431 A.2d at 1263. This Court disagreed.

Citing *Davis v. State,* 400 A.2d 292 (1979), this Court ruled that in granting post-conviction relief the trial judge was not limited to the actual sentence imposed initially for the attempted robbery conviction, but that the new sentence must not exceed the total of the two terms originally imposed for both offenses. 431 A.2d at 1263; *see Davis,* 400 A.2d at 297. *Fullman* noted a further refinement of the resentencing rule in *Hunter v. State,* Del.Supr., 420 A.2d 119 (1980):

"Thus, any post-appeal sentence imposed in a *Davis*-type case may not exceed the sentence originally imposed for the conviction which remains, *if the defendant has begun to serve the sentence.*" 431 A.2d at 1263, quoting *Hunter,* 420 A.2d at 132 (emphasis added in *Fullman*). The Court then held *Hunter* inapplicable to the *Fullman* facts, since Fullman had not begun to serve his sentence on the attempted robbery charge at the time of his resentencing.[6] Moreover, this Court found that the imposition of the increased term of imprisonment posed no double jeopardy problems. 431 A.2d at 1263; see *United States v. Busic,* 3d Cir., 639 F.2d 940, 953, *cert. denied,* 452 U.S. 918, 101 S.Ct. 3055, 69 L.Ed.2d 422 (1981).

The *Fullman* post-appeal resentencing standard is not applicable to this case, which involves a virtually contemporaneous reassignment. Indeed, the defendant fails to meet the *Fullman* test, since, at the time of the reassignment, he had not even begun to serve the sentence of six months probation for the Conspiracy offense.

### III.

Turning to the challenged Conspiracy conviction, Guyer asserts that 11 *Del.C.* § 521(c) prohibits this conviction since the receipt of stolen property[7] necessarily involves another person who transfers the property. We find this argument untenable because Guyer's position is not based on what § 521(c) actually provides.

Section 521(c) is a codification of Wharton's Rule: "an agreement between two persons to commit an offense does not constitute conspiracy when the target offense is so defined that it can be committed only by the participation of two persons . . ." 4 Wharton's Criminal Law § 731, at 545 (14th

---

6. At the time of the resentencing in *Fullman,* the defendant was serving a sentence on an unrelated charge. He was to serve the attempted robbery sentence consecutively with the unrelated sentence.

7. 11 *Del.C.* § 851 provides in pertinent part: "§ 851 Receiving Stolen Property.

\* \* \* \* \* \*

A person is guilty of receiving stolen property if he intentionally receives, retains or disposes of property of another person with intent to deprive the owner of it or to appropriate it, knowing that it has been acquired under circumstances amounting to theft, or believing that it has been so acquired . . . ."

ed. 1981). *See* 16 Am.Jur.2d, *Conspiracy,* § 6 (1979). The classic offenses subject to the Rule are crimes characterized by a general congruence between the agreement and the completed offense, e.g., adultery, incest, bigamy, and dueling. These crimes are crimes in which the parties are the only ones involved, and the immediate consequences fall on the parties themselves, not on society as a whole. *Iannelli v. United States,* 420 U.S. 770, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975). The theory behind the Rule is "that the offense itself requires concerted action, and that therefore conspiracy between the same parties to commit the same offense adds nothing." Annot., 104 A.L.R. 1430, 1431 (1936).

■ Efforts have been made to extend the Rule beyond its traditional limits to crimes such as the sale of drugs or receiving stolen property. In such instances, it becomes necessary to consider the statutory requirements of the underlying substantive offense. *See State v. DeMartin,* Conn. Supr., 171 Conn. 524, 370 A.2d 1038 (1976) (accepting or processing policy bets); *State v. Acklin,* Conn.Supr., 171 Conn. 105, 368 A.2d 212 (1976) (first degree robbery); Annot., 104 A.L.R. at 1431. If the crime can, in a legal sense, be committed by one person only, the Rule should not be applied even though as a practical matter the offense could not be committed without cooperation. *See* 4 Wharton's Criminal Law § 731, at 547.

The Pennsylvania Supreme Court recently examined the Pennsylvania statute defining receipt of stolen goods, 18 *Pa.C.S.* § 3925,[8] concluding that the offense did not require for its commission concerted conduct. *Commonwealth v. Bucci,* Pa.Supr., 283 Pa.Super. 125, 423 A.2d 747 (1980). The Court thus held Wharton's Rule inapplicable and ruled that convictions both for conspiracy and receipt of stolen goods were proper.

■ On its face 11 *Del.C.* § 851, Receiving Stolen Property, does not require concerted conduct for commission of the offense. Indeed, one may receive property he knows to be stolen from another who is without such knowledge. Clearly, there could be no conspiracy under such circumstances even though the offense of receiving stolen property occurred. Therefore, in accord with *Bucci, supra,* we refuse to read any such requirement into the statute. Thus, we hold Wharton's Rule as embodied in 11 *Del.C.* § 521(c) inapplicable and affirm the defendant's conviction for Conspiracy in the second degree.

## IV.

The defendant raises three additional grounds for appeal. First, he contends that he did not actually consent to sentencing by the particular judge; he argues that he should have been sentenced by his trial judge. Second, he argues that the evidence is not sufficient to support the verdict. Finally, he argues that an additional sentence of restitution was imposed improperly. We have reviewed the record and in our opinion there is no factual or legal justification to support these contentions.

\* \* \*

AFFIRMED.

---

8. 18 *Pa.C.S.* § 3925 provides:
"§ 3925, Receiving Stolen Property.
 (a) Offense defined. A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed of with intent to restore it to the owner.
 (b) Definition. As used in this section the word "receiving" means acquiring possession, control or title, or lending on the security of the property."