Howard SAMPSON,[1] Respondent
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

Supreme Court of Delaware.

Submitted: Dec. 19, 1989.
Decided: Jan. 26, 1990.

Robert F. Phillips, Asst. Public Defender, Public Defender's Office, Family Court of the State of Delaware, Wilmington, for appellant.

William L. Chapman, Deputy Atty. Gen., Dept. of Justice, Family Court of the State of Del., Wilmington, for appellee.

Before HORSEY, WALSH and HOLLAND, JJ.

PER CURIAM:

In this case we consider whether, under Family Court Criminal Rule 36, the trial court can correct a sentencing error even though the result is to increase the penalty imposed upon the juvenile.[2]

On April 10, 1989, Howard Sampson admitted to the offenses of conspiracy second degree and possession of cocaine. After the entry of the pleas, Family Court adjudicated Sampson delinquent and placed him on probation until his eighteenth birthday. In addition, Family Court required Sampson to pay the cost of the prosecution and certain other fines before October 1, 1989. Since Sampson turned eighteen on June 6, 1989, his probationary period under the court's original sentence would have been something less than two months.

On May 5, 1989, the court, by direction to the Clerk, corrected the disposition and, by letter, informed Sampson that the probationary period would carry until his nineteenth birthday. Sampson immediately appealed the revised sentencing as well as the manner in which it was imposed. Sampson argued, first, that the court was not empowered under Family Court Criminal Rule 36 to impose a greater sentence; and, second, that even if the court had a right to

---

1. Pursuant to Supreme Court Rule 7(c), the name of the appellant is a pseudonym selected by this Court.

2. Family Court Criminal Rule 36 provides: Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the Court at any time and after such notice, if any, as the Court orders.
This rule is identical to Superior Court Criminal Rule 36.

increase Sampson's sentence, the maximum allowable increase would be until April 10, 1990. He also raises constitutional issues of due process.

The Family Court reasoned that because the judgment that it had originally imposed required only two months of probationary time and because fines are traditionally payable within the parameters of the probationary period (otherwise there may be no monitoring of the requirement to make the payment), the original sentence constituted an "inadvertent" error. Thus, the court concluded that its May 4 revised disposition was not an enlargement of the original sentence but rather a correction of an existing sentence. The court did agree, however, that the sentence as corrected could not carry beyond April 10, 1990.[3]

On appeal, the juvenile contends that although Rule 36 is to be broadly interpreted, it is only properly invoked to correct an ambiguous sentence imposed in open court. The juvenile argues that the sentence imposed in the instant case was unambiguous and, even it were ambiguous, the ambiguity was not the result of a clerical error. The juvenile argues that as a result of the increase in his sentence, his double jeopardy right has been violated. He maintains that he had a legitimate expectation of finality in the length of the sentence as originally imposed and that he had begun to serve that sentence by reporting to his probation officer before the sentence was corrected.

The State responds by arguing that an increase in a sentence after initial imposition, even if the defendant has begun to serve his sentence, does not constitute a violation of double jeopardy under certain of our decisions, including *Guyer v. State*, Del.Supr., 453 A.2d 462 (1982), and *Gibbs v. State*, Del.Supr., 229 A.2d 502 (1967). We find neither case to be precisely on point.

■ On the issue of invoking Rule 36, the authorities suggest that in cases of clerical mistakes or errors in the record resulting from patent oversight or omission, a reviewing court should look to the intent of the sentencing judge as evidenced in presentence reports, contemporaneous notations in the judge's handwriting, the record, or the judge's recollection. 21 Am. Jur.2d *Criminal Law* § 586 (1981). Here we have the judge's unambiguous declaration that Sampson should remain on parole until his eighteenth birthday. The record also reveals that the juvenile twice declared his age to be seventeen. Furthermore, when the court incorrectly stated the juvenile's age as sixteen, Sampson immediately corrected the judge.

We conclude from a review of the record that this is not a case of clerical error. The judge failed to take note of the imminence of the juvenile's eighteenth birthday, despite the fact that the birth date was noted on the papers before him. Thus, the question becomes whether the juvenile should be penalized as a result of the court's inattention to the record or the State should be bound by the court's error.

■ We hold that Rule 36 is not available to correct and extend a sentence where the record is unambiguous and does not establish clerical error or mistake. Moreover, the record sustains defendant's contention that he had a legitimate expectation of finality in his original sentence by having begun serving that sentence before the trial judge "corrected" it. We do not reach the constitutional issues.

For the foregoing reasons, we reverse Sampson's corrected sentence of May 5, 1989 and, on remand, direct Family Court to reinstate Sampson's original sentence of April 10, 1989.

\*     \*     \*

Reversed.

---

**3.** This modification was consistent with 31 *Del.C.* § 5108(b), which states, in pertinent part:

No person shall be retained in the legal custody of the Department [of Services for Children, Youth and their Families] beyond his or her 18th birthday; provided, however, that any delinquent child who is 17 years of age or older but less than 18 years of age who has been committed to the custody of the Department may remain in said custody for 1 full year. . . .