SUPERIOR COURT
OF THE

RICHARD R. COOCH
RESIDENT JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801-3733
TELEPHONE (302) 255-0664

Barzilai K. Axelrod, Esquire
Deputy Attorney General
Department of Justice
Carvel State Office Building
820 North French Street
Wilmington, Delaware 19801
Attorney for Plaintiffs

Hillard M. Winn
SBI#: 00152383
James T. Vaughn Correctional Center
1181 Paddock Road, Unit D-East
Smyrna, Delaware 19977
*Pro Se*

**Re:  State of Delaware v. Hillard M. Winn**
**I.D. No. 0603002909**

Submitted: October 25, 2017
Decided: November 8, 2017

On Defendant's "Motion for Correction of Sentence Under Rule 36." **DENIED.**

Dear Mr. Axelrod and Mr. Winn:

In September 2006, a jury found Defendant, Hillard Winn, guilty of Burglary in the First Degree, Possession of a Deadly Weapon During the Commission of a Felony ("PDWCF"), Terroristic Threatening, and a lesser included offense of Assault in the Third Degree.[1] "At sentencing, Winn was declared a habitual offender

---

[1] *Winn v. State*, 2008 WL 223257, at *1 (Del. 2008).

1

pursuant to title 11, section 4214(a) of the Delaware Code and was sentenced to thirty years in prison for Burglary in the First Degree and a total of five years in prison suspended after two years on the remaining counts."[2] Defendant appealed his convictions to the Delaware Supreme Court, and the convictions were affirmed on January 28, 2008.[3] Defendant has now filed a motion for correction of sentence pursuant to Superior Court Rule of Criminal Procedure 36.

In his motion, Defendant claims that the Delaware Truth-in-Sentencing ("TIS") designation on his Habitual Offender sentence is "erreoneously identifie[d]."[4] Defendant contends that this Court committed a "clerical mistake" by including TIS on his sentence.[5]

This Court concludes that Defendant's claim is without merit. "Criminal Rule 36 empowers the Superior Court to correct clerical mistakes or errors in the record resulting from 'oversight or omission.'"[6] However, this Court will not correct Defendant's sentence because inclusion of the TIS designation on his sentence was not in error.

Because the Court imposed his sentence after the Truth-in-Sentencing Act ("the Act") became effective in 1990, Defendant's sentence is subject to the Act. "The Act applies to sentences for crimes committed after June 29, 1990 and, among other things, it eliminated parole."[7] The Act expressly provides that "[a]ny person subject to the custody of the Department at Levels IV or V shall, upon the conviction of any crime during the term of his sentence, forfeit all good time accumulated to the date of the criminal act."[8] The Act applies to convictions of "all crimes which are committed as of 12:01 a.m., June 30, 1990 or thereafter."[9] Because Defendant was convicted of First Degree Burglary, PDWCF, Terroristic Threatening, and Assault in the Third Degree his sentence is correctly designated as a TIS sentence.

Defendant argues in both his Motion for Correction of Sentence and his Reply to the State's Response that because the Habitual Offender statute is not included in

---

[2] *Id.* at *1 n.5.
[3] *Id.* at *1.
[4] Def.'s Mot. for Correction of Sentence, ¶ 6.
[5] *Id.*
[6] *Guyer v. State*, 453 A.2d 462, 464 (Del. 1982) (quoting Del. Super. Ct. Crim. R. 36).
[7] *Snyder v. Andrews*, 708 A.2d 237, 238 (Del. 1998).
[8] 67 Del.Laws, ch. 130.
[9] 67 Del.Laws, ch. 130, § 3.

the Act it was not meant to be included and thus does not apply to the Act.[10] Defendant misconstrues the applicability of the Act. The Act applies to "all crimes" committed after June 30, 1990. That the Court declared Defendant an Habitual Offender pursuant to 11 Del. C. § 4214(a), a statute that, as Defendant notes, is omitted from the Act, does not affect the Act's applicability to Defendant. Defendant was convicted of various crimes after 1990 and his sentence is thus within the Act.

Moreover, Defendant is an Habitual Offender pursuant to 11 Del. C. § 4214(a) having been convicted more than twice of a Title 11 violent felony. As such, the accrual of "good time" credit is not available to him pursuant to 11 Del. C. § 4381(b), which permits sentence reductions for "good time" credit. However, such reductions are not available if the sentence is a life sentence, or a sentence "imposed pursuant to § 4214 or § 4204(k) of this title or sentences imposed prior to the enactment of this statute."[11] As the Court imposed Defendant's sentence pursuant to § 4214, declaring him an Habitual Offender, "good time" credit is not available to Defendant.

For the above reasons, Defendant's motion for correction of sentence pursuant to Superior Court Rule of Criminal Procedure 36 is **DENIED**.

**IT IS SO ORDERED.**

_____
Richard R. Cooch, R.J.

oc:  Prothonotary
cc:  Investigative Services

---

[10] *See* Def.'s Mot. for Correction of Sentence; Def.'s Reply in Support of His Mot. for Correction of Sentence.
[11] 11 Del. C. § 4381(b).

3