IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KLEON PULLER, | § | |
| | § | |
| Defendant Below, | § | No. 282, 2022 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 9902004516 (N) |
| | § | |
| Appellee. | § | |

Submitted: December 23, 2022
Decided: January 27, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## <u>ORDER</u>

Upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) The appellant, Kleon Puller, filed this appeal from a Superior Court order denying his motion for correction of sentence. For the reasons set forth below, this Court affirms the Superior Court's judgment.

(2) On March 1, 2001, after a three-day trial, a Superior Court jury found Puller guilty of attempted first-degree murder, possession of a firearm during the commission of a felony and endangering the welfare of a child. Puller admitted to shooting his girlfriend in the face, but said it was an accident. The Superior Court sentenced Puller to life imprisonment plus a term of years. On appeal, this Court

affirmed the Superior Court's judgment.[1]  In 2015, this Court affirmed the Superior Court's denial of Puller's first motion for postconviction relief under Superior Court Criminal Rule 61.[2]

(3)     On June 10, 2022, Puller filed a motion for correction of sentence under Rule 35(a).  He argued that his life sentence for attempted first-degree murder was illegal because it was imposed under 11 *Del. C.* § 4209, which only applies to the crime of first-degree murder.  The Superior Court denied the motion.  This appeal followed.

(4)     This Court reviews the denial of a motion for correction of illegal sentence for abuse of discretion.[3]  We review questions of law *de novo.*[4]  A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[5]  Although the Superior Court appeared to treat Puller's motion as a motion for reduction of sentence under Rule 35(b) instead of a motion for correction of illegal sentence under  Superior Rule

---

[1] *Puller v. State*, 2002 WL 529909 (Del. Apr. 5, 2002).
[2] *Puller v. State*, 2015 WL 428582 (Del. Jan. 30, 2015).
[3] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[4] *Id.*
[5] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

2

35(a), we affirm the Superior Court's denial of the motion on the alternative grounds that his sentence for attempted first-degree murder is not illegal.[6]

(5)     As he did below, Puller argues that his life sentence for attempted first-degree murder is illegal because it was imposed under Section 4209, which only applies to the crime of first-degree murder, instead of Section 4205, which applies to felonies other than first-degree murder. Under Section 4209 at the time of Puller's crimes, the sentence for first-degree murder was life imprisonment or the death penalty. Under Section 4205(b)(1), the sentence for a class A felony like attempted first-degree murder ranged from fifteen years to life imprisonment.

(6)     The sentencing transcript reflects that the Superior Court sentenced Puller for attempted first-degree murder under Section 4205, not Section 4209. During sentencing, Puller's counsel stated that Puller faced a minimum sentence of fifteen years for attempted murder. This was consistent with Section 4205(b)(1). Puller's counsel presented mitigating circumstances, including Puller's lack of criminal history and remorse, to argue that the Superior Court should not sentence him to more than the minimum mandatory time. The State argued that aggravating factors, including the victim's pregnancy and the excessive cruelty of the crime, supported a sentence of life imprisonment.

---

[6] *See Unitrin, Inc. v. Am. Gen. Corp.*, 651 A.2d 1361, 1390 (Del. 1995) (recognizing that this Court may affirm a trial court's decision "on the basis of a different rationale than that which was articulated by the trial court").

(7)  After Puller addressed the court, the judge pronounced his sentence for attempted first-degree murder:

> It's very easy to say that one didn't mean to do something after the fact. When one places a gun in [sic] the head of an individual, there's no doubt to me of intent, and there was no doubt on the part of the jury that there was an Attempted Murder in the First Degree in this particular case.
>
> The Court finds that there was excessive cruelty. Mr. Puller suggests that he was afraid and he was sorry, but yet, he didn't stop to call medical attention, call for medical attention. He simply ran.
>
> He indicates that he thought that Miss Peebles was dead and left her for dead. Well, that's exactly what the charge of Attempted Murder in the First Degree is, but for the fact of – if you believe in God, the grace of God, if you believe in fortune, fortune, that she survives today, but it was against all odds that she does survive today, and she has to face what happened for the rest of her life. You can stand here and say you're sorry, but she has to deal and her family has to deal with what you did, and so, the Court finds that there is excessive cruelty and believes that life imprisonment is an appropriate sentence.
>
> So, with respect to 99-04-0580, Attempted Murder in the First Degree, the sentence is effective February 24th, 2000; the costs of prosecution are suspended, and the sentence is life imprisonment.[7]

It is clear that the Superior Court understood that Puller faced a sentence of fifteen years to life imprisonment for attempted first-degree murder under Section 4205(b)(1) and determined that life imprisonment was the appropriate sentence. This sentence is not illegal.

---

[7] June 29, 2001 Sentencing Transcript at 17, Appendix to Opening Brief.

4

(8)     As the State acknowledges, however, the written sentencing order is inconsistent with the sentence imposed by the Superior Court.  The sentencing order provides:

> The Defendant is placed in the custody of the Department of Correction at Supervision Level 5 for life, not subject to suspension by the Court and shall be served in its entirety at a full custodial Level 5 institutional setting without benefit of probation or parole, pursuant to 11 *Del. C.* § 4209(D)(2).[8]

The State suggests that this Court should affirm the Superior Court's denial of the motion for correction of illegal sentence but remand this matter to the Superior Court for conformance of the sentencing order with the oral pronouncement of sentence. We agree.

(9)     "Federal courts have consistently held that when there is a direct conflict between an unambiguous oral pronouncement of a sentence and the written judgment, the oral pronouncement controls."[9]  This Court has not adopted the federal rule, but has recognized that "Delaware statutory and case law authorize sentence correction for errors resulting from 'oversight or omission.'"[10]  The Superior Court

---

[8] Exhibit A, State's Answering Brief.

[9] *Bland v. State*, 2006 WL 2960050, at *1 (Del. Oct. 17, 2006) (citing *United States v. Chasmer*, 952 F.2d 50, 52 (3d Cir. 1991)).  *See also United States v. Pasley,* 800 F. App'x 92, 94 (3d Cir. 2020) (noting that the court follows the settled principle of federal criminal law that an orally pronounced sentence controls over a judgment and commitment order when there is a conflict).

[10] *Bland*, 2006 WL 2960050, at *1 (citing *Guyer v. State*, 453 A.2d 462, 464 (Del. 1982) and citing and quoting Del. Super. Ct. Crim. R. 36).  *See also* 11 *Del. C.* § 4501 ("In a criminal case, judgment shall not be reversed for any clerical misprision or formal defect, if the record contains substantial ground for judgment.").

may, at any time, correct "[c]lerical mistakes in judgments, orders or other parts of the records and errors in the record arising from oversight of omission."[11]   We therefore affirm the Superior Court's denial of Puller's motion for correction of illegal sentence, but remand this matter to the Superior Court to correct the clerical error in the sentencing order.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.  The matter is hereby REMANDED to the Superior Court for correction of the clerical error in the June 29, 2001 sentencing order.  Jurisdiction is not retained.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[11] Del. Super. Ct. Crim. R. 36.