IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CARLOS TORRES, | § | |
| | § | No. 160, 2025 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID Nos. 2408013717, 2309014333, |
| STATE OF DELAWARE, | § | 2410012740 & 2408013463 (N) |
| | § | |
| Appellee. | § | |

Submitted: October 1, 2025
Decided: November 17, 2025

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## <u>ORDER</u>

After consideration of the brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the record on appeal, it appears to the Court that:

(1) On February 17, 2025, Carlos Torres resolved multiple criminal cases by pleading guilty to second-degree assault, first-degree reckless endangering, possession of a deadly weapon during commission of a felony ("PDWDCF"), disregarding a police signal, suffocation, and third-degree assault. The charges arose from: (i) an August 2024 incident in which Torres punched a friend and threatened to shoot him, drove his car directly at police officers arriving on the crime scene, fled from police, and crashed his car into another person's vehicle (Cr. ID Nos.

2408013717 & 2408013463); (ii) a July 2024 incident in which he punched a woman (Cr. ID No. 2410012740); and (iii) an October 2023 incident in which he suffocated his girlfriend (Cr. ID No. 230914333).  As part of the plea agreement, the parties agreed to recommend thirty-four years of Level V incarceration, suspended after ten years for decreasing levels of supervision.  The State also agreed not to seek habitual offender sentencing.

(2)  On March 21, 2025, the Superior Court found multiple aggravating factors and imposed the following sentence: (i) for second-degree assault, effective August 26, 2024, eight years of level V incarceration, suspended after four years for one year of Level III probation; (ii) for first-degree reckless endangering, five years of Level V incarceration, suspended after four years for one year of Level III probation; (iii) for PDWDCF, ten years of Level V incarceration, suspended after five years for one year of Level III probation; (iv) for disregarding a police signal, two years of Level V incarceration, suspended after one year for one year of Level III probation; (v) for suffocation, eight years of Level V incarceration, suspended after four years for one year of Level III supervision; and (vii) for third-degree assault, one year of Level V incarceration, suspended for one year of Level III probation  This appeal followed.

(3)  On appeal, Torres's counsel ("Counsel") filed a brief and a motion to withdraw under Rule 26(c).  Counsel asserts that, based upon a complete and careful

2

examination of the record, there are no arguably appealable issues. Counsel informed Torres of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and the accompanying brief.

(4) Counsel also informed Torres of his right to identify any points he wished this Court to consider on appeal. Torres has not provided points for this Court's consideration. The State has responded to the Rule 26(c) brief and has moved to affirm the Superior Court's judgment.

(5) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

(6) This Court has reviewed the record carefully and has concluded that Torres's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Counsel has made a conscientious effort to examine the record and the law and has properly determined that Torres could not raise a meritorious claim on appeal.

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).

3

(7)     We note, however, that the March 21, 2025 sentencing order contains a clerical error in the sentence for disregarding a police signal. At sentencing, the Superior Court sentenced Torres to two years of Level V incarceration, suspended *after one year* for one year of Level III probation. The sentencing order, however, describes the sentence for disregarding a police signal as two years of Level V incarceration, suspended for one year of Level III probation.

(8)     "Federal courts have consistently held that when there is a direct conflict between an unambiguous oral pronouncement of a sentence and the written judgment, the oral pronouncement controls."[2]   This Court has not adopted the federal rule, but has recognized that "Delaware statutory and case law authorize sentence correction for errors resulting from 'oversight or omission.'"[3] The Superior Court may, at any time, correct "[c]lerical mistakes in judgments, orders or other parts of the records and errors in the record arising from oversight of omission."[4] We therefore affirm the Superior Court's judgment, but remand this matter to the Superior Court for correction of the clerical error in the March 21, 2025 sentencing order.

---

[2] *Bland v. State*, 911 A.2d 802, 2006 WL 2960050, at *1 (Del. Oct. 17, 2006) (TABLE) (citing *United States v. Chasmer*, 952 F.2d 50, 52 (3d Cir. 1991)).
[3] *Bland*, 2006 WL 2960050, at *1 (citing *Guyer v. State*, 453 A.2d 462, 464 (Del. 1982) and citing and quoting Del. Super. Ct. Crim. R. 36). *See also* 11 *Del. C.* § 4501 ("In a criminal case, judgment shall not be reversed for any clerical misprision or formal defect, if the record contains substantial ground for judgment.").
[4] Del. Super. Ct. Crim. R. 36.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot. The matter is hereby REMANDED to the Superior Court for correction of the clerical error in the March 21, 2025 sentencing order. Jurisdiction is not retained.

BY THE COURT:


*/s/ N. Christopher Griffiths*
Justice