**Fred W. KILE, Defendant below,**

v.

**STATE of Delaware, Plaintiff below.**

Supreme Court of Delaware.

Submitted Dec. 13, 1977.

Decided Jan. 13, 1978.

[*] Sitting by appointment pursuant to Del.Const. Art. IV, § 15.

Sidney Balick and William E. Wright, of Aerenson & Balick, Wilmington, for defendant.

Gregg E. Wilson, Deputy Atty. Gen., Wilmington, for the State.

Before HERRMANN, Chief Justice, DUFFY and McNEILLY, JJ.

PER CURIAM:

Defendant was convicted by a Superior Court jury of three counts of criminally negligent homicide, 11 *Del.C.* § 631, and he appeals, arguing that:

    (a) it was error to refuse to consolidate the three counts of the indictment (one for each death caused) into one count;

    (b) it was error to admit certain testimony relating to the consumption of alcoholic beverage; and

    (c) it was error to refuse to suppress evidence of a blood test administered to defendant.

The State also filed an appeal, pursuant to 10 *Del.C.* § 9903,[1] arguing that it was error to charge the jury that it must find "reckless or wanton" conduct in order to find criminally negligent homicide.[2]

---

**1.** 10 *Del.C.* § 9903 provides:

"The State may apply to the appellate court to permit an appeal to determine a substantial question of law or procedure, and the appellate court may permit the appeal in its absolute discretion. The appellate court shall have the power to adopt rules governing the allowance of the appeal; but, in no event of such appeals shall the decision or result of the appeal affect the rights of the defendant and he shall not be obligated to defend the appeal, but the court may require the Public Defender of this State to defend the appeal and to argue the cause."

**2.** The Court's instruction was as follows:

"A person acts with criminal negligence with respect to death when he fails to perceive or recognize that there is a risk that death will result from his conduct. Moreover, that risk must be of such a nature and degree that the defendant's failure to perceive it constitutes a gross deviation from a standard of conduct that a reasonable person would have observed in a situation. There-

We conclude that the Superior Court did not err by declining to consolidate the three counts of criminally negligent homicide into a single count. Defendant's single act of negligent driving involved a crime of violence against three persons and, therefore, three separate charges were permissible. See *McCoy v. State*, Del.Supr., 361 A.2d 241 (1976). Nor was there reversible error in permitting testimony relating to the consumption of alcoholic beverage. Compare *Halko v. State*, Del.Supr., 175 A.2d 42 (1961); cf. *Wharton's Criminal Evidence* § 241. Such evidence was relevant, and was admitted only after the Trial Judge carefully weighed its relevancy against the prejudicial effect thereof on the jury. That decision was not wrong as a matter of law.

As to evidence of the blood test, there is sufficient record evidence to support the Trial Judge's determinations that, at the time the test was administered, probable cause existed to arrest defendant and that he had been placed under arrest. *Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). It follows that the admission of such evidence was not reversible error.

Turning now to the State's appeal, the Trial Court's instruction to the jury required a finding of "reckless or wanton" conduct to support the charge of "criminal negligence." As we read the relevant statutes, that was a mistake. We say this because the instruction blurred the specifically and carefully drawn statutory distinctions relating to state of mind. The two which are pertinent here are "recklessly" and "criminal negligence," each of which is defined in 11 *Del.C.* § 231 as follows:

"(c) 'Recklessly.' A person acts recklessly with respect to an element of an offense when he is aware of and con-

sciously disregards a substantial and unjustifiable risk that the element exists or will result from his conduct. The risk must be of such a nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation. A person who creates such a risk but is unaware thereof solely by reason of voluntary intoxication also acts recklessly with respect thereto.

(d) 'Criminal negligence.' A person acts with criminal negligence with respect to an element of an offense when he fails to perceive a risk that the element exists or will result from his conduct. The risk must be of such a nature and degree that failure to perceive it constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation."

The Trial Judge quite properly instructed the jury as to the requisite finding necessary to a conviction of "criminally negligent homicide" (that is, under subparagraph (d) above), but he then added an additional requirement, namely, that the conduct under scrutiny must have been "reckless or—it must be reckless or wanton," and so on. That requirement is relevant to those crimes requiring proof of an act performed "recklessly" but not to one based on "criminal negligence." It follows that it was error for the Trial Court to put the State to a higher burden of proof than the statutes require. In so doing, there was, of course, no prejudice to defendant.

\* \* \* \* \* \*

Affirmed.

fore, in order to convict the defendant of criminally negligent homicide, you must find in each instance not only that he failed to perceive the risk that death would result from his conduct, but also that the risk was so great that a reasonable person under the circumstances would have perceived it and would have altered his conduct to avoid the risk.

Criminal negligence must be more than mere negligence. It must be a reckless or—it must be reckless or wanton. It must show an utter disregard for the safety of others under the circumstances likely to cause death. It must be a dangerous act done without due care and circumspection."