JERRIN WRIGHT, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
No. 584, 2009.
Supreme Court of Delaware.
Submitted: February 10, 2010.
Decided: May 10, 2010.
Before STEELE, Chief Justice, BERGER and JACOBS, Justices.

ORDER
CAROLYN BERGER, Justice.
This 10th day of May 2010, on consideration of the briefs of the parties, it appears to the Court that:
1) Jerrin Wright appeals from the Superior Court's denial of his Rule 61 Motion for Post-Conviction Relief. He argues that his former attorneys were ineffective in two respects. First, they failed to appeal the trial court's denial of his double jeopardy claim. Second, counsel failed to raise a claim that Wright was ineligible to be sentenced as an habitual offender. We conclude that the trial court correctly rejected both claims.
2) On July 23, 2005, Wright and another bar patron, Roland Harris, were arguing in the parking lot of the Nu-Phaze Bar and Grill. Wright pulled out a gun and, after Harris told Wright that he was not scared by a gun, Wright started shooting. He shot at Harris more than five times, but missed. Unfortunately, one of the bullets killed Scott Lubitz, an innocent bystander. Wright was convicted, after a jury trial, of second degree murder (felony murder), two counts of possession of a firearm during the commission of a felony, and first degree reckless endangering.
3) Wright's original counsel filed a motion for acquittal as to the second degree murder conviction. He argued that Wright could not be convicted of felony murder because the underlying felony of reckless endangering was a lesser included offense. Based on that theory, Wright argued that his felony murder conviction violated the Double Jeopardy Clause of the United States Constitution and the Delaware Constitution.[1] The trial court denied Wright's motion. In his direct appeal, Wright did not raise the double jeopardy claim. Rather, he argued that the trial court erred in refusing to instruct the jury on the defense of accident. This Court found no merit to the appeal and affirmed Wright's convictions.[2]
4) Wright argues that his appellate counsel was ineffective for failing to raise the double jeopardy claim in his direct appeal. The standard governing a claim of ineffective assistance of counsel is well settled. To prevail, Wright must show that: 1) counsel's representation fell below an objective standard of reasonableness, and 2) that Wright was prejudiced by his attorney's deficient performance.[3] We need not consider the reasonableness of counsel's representation, because Wright has not shown that he was prejudiced.[4]
5) If appellate counsel had raised the double jeopardy claim, it would have failed. Wright argues that when a person fires shots into a crowd, he engages in one act of reckless endangering, regardless of the number of victims. Using this premise, Wright says that Harris and Lubitz were both victims of one criminal act (reckless endangering) and that the State impermissibly indicted him on multiple charges. Continuing with this logic, Wright says that the felony murder charge must fail because the reckless endangering charge merged with the murder charge, leaving no predicate felony to support felony murder.
6) This Court recently explained the "multiplicity doctrine" relied on by Wright:
The Double Jeopardy Clause, as a constitutional principle, protects a defendant (1) against successive prosecutions; (2) against multiple charges under separate statutes; and (3) against being charged multiple times under the same statute. Multiplicity is the charging of a single offense in more than one count of an indictment . . . . When determining whether the constitutional protection against double jeopardy permits multiple counts in any particular statutory setting, we look to legislative intent.[5]
7) In Handy v. State[6], this Court held that the defendant could be charged with only one count of arson arising out of one fire, despite the fact that the defendant knew that two people were trapped in the building. The Court noted that, absent other persuasive indications of legislative intent, the State may charge multiple crimes for multiple victims where the crime is one against people, but may only charge one crime for one act (even if there are multiple victims) where the crime is against property. Based on the language of the statute and the commentary, this Court determined arson is a crime against property, and that multiple charges arising out of one fire are impermissible.
8) Reckless endangering is a crime against people, not property.[7] Thus, the State could have charged Wright with multiple counts of reckless endangering, given the fact that he shot into a crowd at least five times. There is no merger issue because Harris, not Lubitz, was named as the victim of the reckless endangering charge. Since there was no merger of offenses, Wright's argument that the felony murder charge lacked a predicate felony is without merit.
9) Wright also argues that his trial counsel was ineffective for failing to oppose his sentencing as an habitual offender under 11 Del. C. § 4214(a). One of the convictions used to establish Wright's status as an habitual offender was a conviction for second degree conspiracy in 1997. The police report of the 1997 incident that led to Wright's arrest states that Wright was driving alone when stopped by the police. He was charged with possession with intent to deliver marijuana, maintaining a vehicle for keeping drugs, possession of drug paraphernalia, speeding, and operating a vehicle with tinted windows. As part of a plea bargain, Wright pled guilty to second degree conspiracy and possession of drug paraphernalia.
10) Wright concedes that the State produced certified copies of his sentence orders in the prior convictions, and thereby made out a prima facie case that he was eligible to be sentenced as an habitual offender. But Wright argues that the conspiracy conviction was invalid because the crime of conspiracy requires that at least two people engage in conduct that is intended to promote the commission of a felony.[8] As noted above, the police report states that Wright was alone in the car at the time of his arrest. Thus, Wright contends that he could not have committed the crime of conspiracy, and that his guilty plea should not have been accepted.
11) This claim fails for two reasons. First, when a guilty plea is entered, "the factual basis for such a plea is most clearly established by a defendant's specific admission in open court that he did what he is charged with doing."[9] Wright has provided no evidence to suggest that he pled guilty without admitting his guilt. Second, although the crime of conspiracy requires at least two participants, the co-conspirators do not have to be together at the time of arrest. Accordingly, the fact that Wright was alone in the car when he was arrested does not in any way undermine the validity of his guilty plea.[10]
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court be, and the same hereby is, AFFIRMED.
NOTES
[1] U.S. Const. amend. V, Del.Const. art.I, § 8.
[2] Wright v. State, 953 A.2d 144 (Del. 2008).
[3] Strickland v. Washington, 466 U.S. 668, 687 (1984).
[4] Id. at 697.
[5] See: Sisson v. State, 903 A.2d 288, 309 (Del. 2006).
[6] 803 A.2d 937 (Del. 2002).
[7] See: 11 Del. C. § 803 (first degree arson), which is listed under the subchapter entitled "Offenses Involving Property" and 11 Del. C. § 604 (first degree reckless endangering), which is listed under the subchapter entitled "Offenses Against the Person."
[8] 11 Del. C. § 512.
[9] Raison v. State, 469 A.2d 424, 426 (Del. 1983).
[10] Because Wright's allegation about his conspiracy conviction is unsupported, we need not decide whether one may collaterally attack a prior conviction at an habitual offender sentencing hearing.