IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LAMOTTE S. CHANDLER, | § | |
| | § | No. 606, 2014 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID 1103017141 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: January 14, 2015
Decided: February 19, 2015

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## O R D E R

This 19th day of February 2015, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, LaMotte Chandler, filed this appeal from the Superior Court's denial of his motion for correction of sentence. The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Chandler's opening brief that his appeal is without merit. We agree and affirm.

(2) In October 2011, Chandler pled guilty to one count of Robbery in the First Degree, two counts of Robbery in the Second Degree, and one

count each of Possession of a Firearm During the Commission of a Felony (PFDCF), and Aggravated Menacing. The Superior Court sentenced Chandler to a total period of thirty years at Level V incarceration, to be suspended after serving nine years in prison followed by decreasing levels of supervision. Chandler did not appeal. In August 2014, Chandler filed a motion for correction of illegal sentence under Superior Court Criminal Rule 35(a), alleging that his separate sentences for Robbery in the First Degree, PFDCF, and Aggravated Menacing violate double jeopardy principles and should be merged because PFDCF and Aggravated Menacing were lesser included offenses of Robbery in the First Degree. The Superior Court denied his motion. This appeal followed.

(3) On appeal, Chandler again alleges that his separate sentences are illegal because they violate double jeopardy principles. Chandler is incorrect. As the Superior Court properly held, the language of the PFDCF statute is clear evidence that the General Assembly intended to punish PFDCF and any underlying felony as separate offenses.[1] Accordingly, there is no double jeopardy violation arising from Chandler's separate sentences for PFDCF and the underlying felony. Moreover, Chandler's separate sentences for robbery and aggravated menacing do not violate double

---

[1] *DeShields v. State*, 2015 WL 115487 (Del. Jan. 7, 2015).

jeopardy principles because the charges involved two different victims.[2]  His conviction for aggravated menacing thus was not a lesser included offense to his conviction for first degree robbery.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Karen L. Valihura
Justice

---

[2] *See Wright v. State*, 2010 WL 2163851 (Del. May 10, 2010) (holding that the charging of multiple crimes for multiple victims did not violate double jeopardy principles in that case).