IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JERRIN A. WRIGHT, | § | |
| | § | |
| Defendant Below, | § | No. 247, 2015 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for Kent County |
| | § | Cr. ID No. 9702016179 |
| Plaintiff Below, | § | |
| Appellee. | § | |
| | § | |

Submitted: August 5, 2015
Decided: October 1, 2015

Before **STRINE**, Chief Justice; **HOLLAND**, and **SEITZ**, Justices.

## **O R D E R**

This 1st day of October 2015, upon consideration of the appellant's opening brief, the State's motion to affirm,[1] and the record below, it appears to the Court that:

(1)    The appellant, Jerrin A. Wright, filed this appeal from a Superior Court order, dated May 4, 2015, denying his application for correction of an illegal sentence and to vacate conviction.  The State of Delaware has filed a motion to

---

[1] The appellant's request to respond to the motion to affirm is denied.  Under Supreme Court Rule 25(a), no response to a motion to affirm is permitted unless requested by the Court.  The Court did not request a response to the motion to affirm and finds no good cause to permit a response in this case.

affirm the judgment below on the ground that it is manifest on the face of Wright's opening brief that his appeal without merit. We agree and affirm.

(2) The record reflects that, in March 1997, Wright was charged by information with Possession with Intent to Deliver a Non-Narcotic Schedule I Controlled Substance, Maintaining a Vehicle for Keeping Controlled Substances, Possession of Drug Paraphernalia, and Speeding. On June 4, 1997, Wright pled guilty to Conspiracy in the Second Degree and Possession of Drug Paraphernalia in exchange for dismissal of the other charges. The Possession with Intent to Deliver a Non-Narcotic Schedule I Controlled Substance count was amended to Conspiracy in the Second Degree. Wright was sentenced to two years of Level V incarceration, suspended for decreasing levels of probation.

(3) Wright did not appeal the 1997 convictions. After several violations of probation (which Wright did not appeal), Wright was discharged from probation as unimproved in 2000.

(4) In 2006, a Superior Court jury found Wright guilty of Murder in the Second Degree, two counts of Possession of a Firearm During the Commission of a Felony, and Reckless Endangering in the Second Degree. Wright was declared a habitual offender under 11 *Del. C.* § 4214(a) and sentenced to total non-suspended time of ninety-five years of Level V incarceration. Wright's 1997 conspiracy

conviction was one of the convictions used to establish his status as a habitual offender. On direct appeal, this Court affirmed Wright's 2006 convictions.[2]

(5) In 2010, this Court affirmed the Superior Court's denial of Wright's motion for postconviction relief from the 2006 convictions.[3] We rejected Wright's claim that his trial counsel was ineffective for failing to challenge the validity of his 1997 conspiracy conviction in the habitual offender proceedings.[4] Wright claimed the conviction was invalid because the police report reflected that he was alone in the car at the time of his arrest and conspiracy requires at least two people to engage in conduct intended to promote the commission of a felony.[5] We held that this claim was barred by Wright's guilty plea and that conspiracy does not require that co-conspirators be together at the time of arrest.[6] Wright raised the same claim regarding the validity of his Conspiracy in the Second Degree conviction in a petition for a writ of habeas corpus, which the United States District Court for the District of Delaware denied in 2014.[7]

(6) On April 30, 2015, Wright filed an application for correction of an illegal sentence and to vacate conviction in the Superior Court. Wright argued that

---

[2] *Wright v. State*, 953 A.2d 144 (Del. 2008).

[3] *Wright v. State*, 2010 WL 2163851 (Del. May 10, 2010).

[4] *Id.* at *2-3.

[5] *Id.* at *2.

[6] *Id.* at *3.

[7] *Wright v. Pierce*, 2014 WL 1266364 (Del. Mar. 25, 2014).

his habitual offender sentence for his 2006 convictions was illegal and his 1997 conspiracy conviction was illegal because he was never arrested, charged, or indicted for Conspiracy in the Second Degree, Conspiracy in the Second Degree is not a lesser included offense of Possession with Intent to Deliver, he did not receive adequate notice of the Conspiracy in the Second Degree charge, and there was no probable cause or factual basis for the Conspiracy in the Second Degree conviction. Based on these claims, Wright contended that there was prosecutorial misconduct, his counsel for the 1997 convictions was ineffective, and his counsel for the 2006 convictions was ineffective. Wright also argued that he was entitled to a writ of habeas corpus, a writ of mandamus, or a declaratory judgment due to the invalidity of his Conspiracy in the Second Degree conviction.

(7) On May 4, 2015, the Superior Court denied the motion. The Superior Court found that the motion was filed more than ninety days after imposition of the sentence, there were no extraordinary circumstances to justify review of the sentence, and the sentence was appropriate for the reasons stated at the time of sentencing. This appeal followed.

(8) In his opening brief, Wright argues that the Superior Court erred in denying his request for a writ of habeas corpus, a writ of mandamus, or a declaratory judgment. Wright does not address the merits of the Superior Court Criminal Rule 35 claim he raised in the Superior Court and has therefore waived

4

that claim.[8]  Wright claims he is entitled to a writ of habeas corpus, a writ of mandamus, or a declaratory judgment because he was never arrested, charged, or indicted for Conspiracy in the Second Degree, the invalidity of the Conspiracy in the Second Degree charge meant the Superior Court lacked jurisdiction to accept his guilty plea, and he could not plead guilty to Conspiracy in the Second Degree in the absence of notice and a factual basis for the charge.  He is incorrect.

(9)    Through all of his requested relief, Wright seeks to set aside his 1997 conviction for Conspiracy in the Second Degree.  Superior Court Criminal Rule 61 ("Rule 61") provides the exclusive remedy for setting aside a final judgment of conviction.[9]  Because Wright was discharged from probation for his Conspiracy in the Second Degree conviction in 2000, he cannot bring a motion for postconviction relief under Rule 61 to challenge that conviction.[10]  Even if Wright could bring a motion for postconviction relief under Rule 61, the motion would be untimely under Rule 61(i)(1).[11]  We therefore affirm the Superior Court's denial of Wright's

---

[8] Supr. Ct. R. 14(b)(vi)(A)(3); *Murphy v. State*, 632 A.2d 1150, 1152 (Del.1993).

[9] Del. Super. Ct. R. 61(a)(2).

[10] *See, e.g., Coleman v. State*, 2015 WL 5096047, at *2 (Del. Aug. 27, 2015) (recognizing defendant who is discharged from probation and is not subject to future custody on conviction lacks standing to seek relief under Rule 61); *Summers v. State*, 2003 WL 1524104, at *1 (Del. Mar. 20, 2003) (holding movant was not entitled to seek postconviction relief for 1993 conviction because he had been discharged from probation for 1993 conviction and was no longer in custody for 1993 conviction).

[11] Super. Ct. R. 61(i)(1) (barring postconviction motion filed more than three years after the judgment of conviction is final).  Effective July 1, 2005, Rule 61(i)(1) was amended to reduce the postconviction limitation period for convictions obtained after July 1, 2005 to one year.

motion on the alternative ground that Rule 61 provided Wright's exclusive remedy for setting aside his 1997 Conspiracy in the Second Degree conviction and Wright cannot bring a claim under Rule 61.[12]

(10)   Wright has now challenged his 1997 and 2006 convictions multiple times.  The Court will not review repetitive claims.  We urge Wright to be aware of the amended provisions of Superior Court Criminal Rule 61.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[12] *Unitrin, Inc. v. American General Corp.*, 651 A.2d 1361, 1390 (Del. 1995).