IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DAVID C. DAVIS, | § | |
| | § | No. 265, 2016 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1212002650 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: June 24, 2016
Decided: September 22, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **SEITZ**, Justices.

# O R D E R

This 22nd day of September 2016, having considered the appellant's opening brief, the appellee's motion to affirm, and the Superior Court record, it appears to the Court that:

(1)   The appellant, David C. Davis, filed this appeal from the Superior Court's order dated April 26, 2016, denying his second motion for postconviction relief.[1]   The State of Delaware has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Davis' opening brief that the appeal is without merit.   We agree and affirm.

---

[1] *State v. Davis*, 2016 WL 1735459 (Del. Super. April 26, 2016).

(2)     In 2013, Davis was indicted on charges of Arson in the First Degree, Reckless Endangering in the First Degree, and Terroristic Threatening.  In 2014, Davis pled guilty to Reckless Endangering in the First Degree and Arson in the Third Degree.  In the plea agreement, Davis agreed that he was eligible to be sentenced as a habitual offender under 11 *Del. C.* § 4214(a).  The State did not recommend a sentence.  On June 6, 2014, the Superior Court granted the State's habitual offender motion and sentenced Davis to ten years of Level V imprisonment followed by probation.  Davis did not appeal the guilty plea or sentence.

(3)     In July 2014, Davis filed a motion for reduction of sentence under Superior Court Criminal Rule 35(b).  In August 2014, Davis filed a motion for postconviction relief under Superior Court Criminal Rule 61.  The Superior Court denied the sentence reduction motion and summarily dismissed the postconviction motion. Davis did not appeal either decision.

(4)     In 2015, Davis filed a motion for correction of sentence under Superior Court Criminal Rule 35(a).  Davis claimed, in relevant part, that the imposition of separate sentences for his arson and reckless endangering convictions constituted multiple punishments for the same offense and violated the

2

Double Jeopardy Clause.[2] The Superior Court denied the motion for correction of sentence. On appeal, we affirmed the court's judgment, ruling, in pertinent part, that the double jeopardy claim was waived by Davis' guilty plea.[3]

(5)   In March 2016, Davis filed a second postconviction motion under Rule 61. Davis claimed that his habitual offender sentence was illegal under *Johnson v. United States*, a U.S. Supreme Court decision that issued in 2015.[4] Recognizing that Davis' illegal sentence claim was not reviewable under Rule 61, the Superior Court considered the claim under Rule 35(a). By order dated April 26, 2016, the court denied the postconviction motion after analyzing the illegal sentence claim and denying the claim as without merit.[5] This appeal followed.

(6)   In his opening brief on appeal, Davis makes no mention of the illegal sentence claim that was the subject of his second postconviction motion. Instead, Davis reiterates the double jeopardy claim that he raised in his 2015 motion for correction of sentence. On the face of his opening brief, Davis' appeal is without merit. Davis' failure to brief the illegal sentence claim argued in his

---

[2] The Double Jeopardy Clauses of the United States and Delaware Constitutions protect a criminal defendant against multiple punishments or successive prosecutions for the same offense. U.S. Const. amend V; Del. Const. art. I, § 8.

[3] *Davis v. State*, 2016 WL 358965 (Del. Jan. 28, 2016).

[4] 135 S. Ct. 2551 (2015) (holding that the imposition of an enhanced sentence under the residual clause of the Armed Career Criminal Act violated the Due Process Clause).

[5] *Supra*, note 1.

postconviction motion constitutes a waiver of the claim on appeal.[6]  His double jeopardy claim is barred because we rejected the claim when affirming the denial of his 2015 motion for correction of sentence.[7]  Furthermore, the double jeopardy claim is without merit.  Arson is a claim against property.[8] Reckless endangering is a claim against the person.[9]  The imposition of separate sentences for the two convictions did not violate double jeopardy.[10]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*
Chief Justice

---

[6] Del. Supr. Ct. R. 14(b)(vi)(A)(3) ("The merits of any argument that is not raised in the body of the opening brief shall be deemed waived and will not be considered by the Court on appeal.").

[7] *Supra*, note 4.  *See, e.g., Brittingham v. State,* 705 A.2d 577, 579 (Del. 1998) ("The prior decisions by this Court on any adjudicated issue involving Brittingham's claims become the law of the case in all subsequent stages of his continuing criminal proceedings.").

[8] *See* 11 *Del. C.* § 801(a) ("A person is guilty of arson in the third degree when the person recklessly damages a building by intentionally starting a fire or causing an explosion."); s*ee generally* Del Code Ann. tit. 11, ch. 5, subch. III, subpart A (governing offenses involving property including arson).

[9] *See* 11 *Del. C.* § 604 ("A person is guilty of reckless endangering in the first degree when the person recklessly engages in conduct which creates a substantial risk of death to another person."); s*ee generally* Del. Code Ann. tit. 11, ch. 5, subch. II, subpart A. (governing offenses against the person including assaults).

[10] *Wright v. State*, 2010 WL 2163851 (Del. May 10, 2010).

4