IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ERIC COOPER, | § | |
| | § | No. 465, 2018 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | Cr. ID No. 0808019339 (K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: November 15, 2018
Decided: February 7, 2019

Before **VALIHURA**, **SEITZ**, and **TRAYNOR**, Justices.

**O R D E R**

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the Superior Court record, it appears to the Court that:

(1)    The appellant, Eric Cooper, filed a motion for correction of illegal sentence under Superior Court Criminal Rule 35(a). Cooper claimed that his sentence exceeded statutory limits and violated double-jeopardy principles. The Superior Court denied the Rule 35(a) motion as untimely filed and because a reduction or modification of sentence was not warranted. The State has moved to affirm the Superior Court's judgment on the grounds that it is manifest on the face of Cooper's opening brief that the appeal is without merit. Having carefully

considered the parties' positions on appeal, we affirm the Superior Court's denial of Cooper's motion, but we do so for independent and alternative reasons.[1]

(2) Cooper was tried before a Superior Court jury for offenses arising from a 2008 home invasion. The evidence at trial established that, shortly before 1:00 a.m. on May 23, 2008, two masked men—Cooper and another man—barged into the apartment of Eric Ross. Ross was there socializing with four friends—Ian Mason, Amanda Stevens, Isaiah Mason, and Travis Breitzke. Cooper had a revolver, and the other man had a shotgun. The intruders ordered Ross and his friends to get on the floor and empty their pockets. Instead of getting on the floor, Travis Breitzke ducked into the kitchen and called 911. When Ian Mason stood up and tried to reason with the intruders, Cooper fired several shots, one of which struck Ian Mason in the abdomen. The intruders then fled the apartment.

(3) The jury convicted Cooper of one count of Assault in the First Degree as a lesser-included offense of Attempted Murder in the First Degree; five counts of Attempted Robbery in the First Degree; three counts of Reckless Endangering in the First Degree, and one count of Burglary in the First Degree. For each of those offenses, the jury convicted Cooper of a related count of Possession of a Firearm During the Commission of a Felony ("PFDCF"). Also, the jury convicted Cooper

---

[1] *Wynn v. State*, 2014 WL 4670861 (Del. Sept. 19, 2014) (citing *Guy v. State*, 82 A.3d 710, 712 (Del. 2013)).

2

of Wearing a Disguise During the Commission of a Felony and Conspiracy in the Second Degree.

(4) When sentencing Cooper, the Superior Court imposed separate, mandatory terms of Level V incarceration for each of the assault and burglary convictions, the attempted-robbery convictions, and the PFDCF convictions. For the reckless-endangering and wearing-a-disguise convictions, the Superior Court sentenced Cooper to a total of twenty years of Level V incarceration—five years for each conviction—suspended for probation. For the conspiracy conviction, Cooper was sentenced to two years of Level V incarceration suspended for probation. On direct appeal, we affirmed Cooper's convictions and sentences.[2] Thereafter, Cooper filed motions for postconviction relief under Superior Court Criminal Rule 61. The Superior Court denied both motions.[3] Cooper did not appeal.

(5) Cooper has raised two claims in his appeal from the denial of his motion for correction of illegal sentence. First, he contends that the fifteen-year Level V suspended sentence for the three reckless-endangering convictions (five years for each conviction) and the mandatory two-year Level V sentence for the assault conviction should have merged because the reckless endangering convictions were

---

[2] *Cooper v. State*, 2010 WL 1451486 (Del. Apr. 12, 2010).
[3] *State v. Cooper*, 2011 WL 7456938 (Del. Super. Oct. 24, 2011) (denying first postconviction motion); *State v. Cooper*, 2013 WL 6407883 (Del. Super. Dec. 6, 2013) (denying second postconviction motion).

lesser-included offenses of the assault conviction. Cooper's claim is without merit. There is no merger issue here. None of the three counts of reckless endangering was charged as a lesser-included offense of the assault count. Cooper was charged, convicted, and sentenced for assaulting Ian Mason and was charged, convicted, and sentenced for endangering Amanda Stevens, Isaiah Mason, and Eric Ross.[4]

(6)    In his second claim on appeal, Cooper contends that the separate sentences imposed for the assault, burglary, attempted robbery, and related PFDCF convictions should be vacated because the convictions arose out of one incident, namely, the home invasion on May 23, 2008. The claim is without merit. Cooper's conduct during the home invasion constituted distinct crimes of violence against five victims.[5] Imposing a separate punishment for each of those crimes did not violate principles of double jeopardy and was not illegal.[6]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[4] *See Wright v. State*, 2010 WL 2163851 (Del. May 10, 2010) (finding no merger issue where the same conduct—shooting into a crowd—led to the defendant's first-degree reckless endangering conviction of one victim and second-degree murder conviction of another victim).

[5] 11 *Del. C.* § 4201(c) (Supp. 2018) (designating violent felonies).

[6] *Chandler v. State*, 2015 WL 733633 (Del. Feb. 19, 2015); *Kile v. State*, 382 A.2d 243, 245 (Del. 1978) (citing *McCoy v. State*, 361 A.2d 241, 242 (Del. 1976)).

4