# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE      )
                               )
      v.                )      I.D. No. 0303008652A
                               )
STANLEY YELARDY,       )
                               )
      Defendant.     )

Submitted: April 17, 2023
Decided: April 21, 2023

*Upon Defendant Stanley Yelardy's Motion to Correct Illegal Sentence Pursuant to Superior Court Criminal Rule 35(a)*

**DENIED.**

## **ORDER**

Stanley Yelardy, *pro se*, Smyrna, Delaware.

Daniel E. Logan, Jr., Esquire, State Prosecutor, DEPARTMENT OF JUSTICE, 820 N. French St., Wilmington, Delaware 19801, Attorney for the State.

**WHARTON, J.**

This 21st day of April 2023, upon consideration of Defendant Stanley Yelardy's Motion for Correction of Illegal Sentence,[1] and the record in this matter, it appears to the Court that:

1.      In 2004, Defendant Stanley Yelardy ("Yelardy") was convicted after a jury trial of four counts of robbery first degree, four counts of possession of a firearm during the commission of a felony ("PFDCF") and other charges stemming from the robbery of the Delaware National Bank on Main Street in Newark, Delaware.[2] Yelardy was declared a habitual offender and sentenced to a total of 160 years in prison.[3]

2.      Yelardy unsuccessfully appealed his conviction to the Delaware Supreme Court.[4]   That unsuccessful appeal was followed by a string of other unsuccessful efforts to obtain relief in various state and federal courts.[5]

3.      Yelardy now seeks relief under Rule 35(a) claiming for the first time that his sentence was illegal because it violated the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Article I, § 8 of the Delaware Constitution.[6] In particular, he contends that his sentencing on four separate robbery counts and for separate PFDCF counts for a single bank robbery "was plain error in

---

[1] D.I. 226.
[2] *Yelardy v. State,* 2008 WL 450215 (Del. Feb. 20, 2008).
[3] *Id.*
[4] *Id.*
[5] D.I. 226 at 3.
[6] *Id.* at 3-4.

light of the Multiplicity Doctrine as it relates to Double Jeopardy under the Due Process and Equal Protection clauses."[7] He reasons that since robbery is predicated on theft and Delaware follows the single theft rule, there was only a single robbery.[8] He further reasons that because aggravated menacing is a lesser included offense of robbery, the PFBPP charges must merge with the robbery counts.[9] The bottom line for Yelardy is that, given that he should have been sentenced to 20 years in prison on a single count of robbery only, and given that he has accumulated 678 days of good time credits, he should be released immediately.[10]

4.    Pursuant to Criminal Rule 35(a), the Court may correct an illegal sentence at any time.[11] A sentence is illegal if it violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence that the judgment of conviction did not authorize.[12]

5.    The Indictment alleges four counts of Robbery in the First Degree.[13] Each count is identical except that each count charges that Yelardy threatened the

---

[7] *Id.* at 4-5.
[8] *Id.* at 5-8 (citing *Stigars v. State,* 647 A.2d 477, 483 (Del. 1996); *Reader v. State,* 349 A.2d 745, 747 (Del. 1975); and *Parker v. State,* 201 A.3d 1181 (Del. 2019)).
[9] *Id.* at 9 (citing *Poteat v. State*, 840 A.2d 599 (Del. 2003)).
[10] *Id.* at 11.
[11] Super. Ct. Crim. R. 35(a).
[12] *Brittingham v. State,* 705 A.2d 577, 578 (Del. 1998).
[13] D.I. 2.

immediate use of force upon a different victim.[14]  The four PFDCF counts also are identical except that each incorporates by reference a different robbery charge.[15] Yelardy has enclosed a portion of the prayer conference transcript that he argues supports his multiplicity argument.[16]  The Court finds it usefully summarizes some of the evidence pertaining to the facts of the robberies.  As the prosecutor explains:

> Actually, he is indicted for either doing it for the purposes of having a person deliver up or to prevent or overcome somebody's resistance to the taking.  As the Court knows from the facts as they have been alleged thus far, two people actually did give up the money.  The other two bank employees were threatened with force to ensure that they – well one to open the vault, which wasn't done or couldn't be done, and the second was the threat of force for the purposes of ensuring that she didn't – that she was told to back away from the desk.  And she was told not to interfere in the taking of the property.  They did not give up, but they were overcome with the resistance to taking of the property.[17]

Yelardy includes a portion of the State's summation as well.[18]  In it, the prosecutor explains how each named victim was robbed.

> In this case, there are actually two people who actually handed over the bank's money, the other two people had the gun held on them and were told to get away from the desk.  Why?  So they wouldn't resist, couldn't get caught.  And, actually, Ms. Sutton got over the vault and couldn't get the keys, he couldn't get the money from her.

---

[14] *Id.* at Counts I, III, V, and VII.
[15] *Id.* at Counts II, IV, VI, and VIII.
[16] D.I. 226, Ex. E(1).
[17] *Id.* Tr. Aug. 19, 2004 at 4.
[18] *Id.* Ex. E(2).

So Count I, Dorothy Sutton, this lady now lives in fear. She comes in here saying he held the gun to Ms. Hawkins and Ms. Sutton, Ms. Sutton is told to come over towards the vault. She doesn't have the keys and says that, you can see her holding hers hands up at that particular point, that's the first count.

\*                                    \*                                    \*

Counts 3 and 4, Joan Hawkins, if you remember first she's told to get away from the desk, why? Everybody knows the banks that's where you have the alarms. He doesn't want to get caught. He overcomes her resistance to put fear with the plan and the taking of the money. She does. She's told to get on the floor. She stays in this area. He comes over to Ms. Moore, first, remember the blonde hair young lady tells her, holds the gun on her. Again, Robbery in the First Degree, Possession of a Firearm During the Commission of a Felony. She hands over money and he moves down to Ms. Cuddas, also holds the gun on her, possession of a Firearm During the Commission of a Felony, she turns over money and the dye pack.[19]

6.      Yelardy's multiplicity argument fails because it is based on the faulty premise that robbery is a property crime. "Robbery is a violent crime against the person of the victim. Therefore, the multiplicity doctrine implications applicable to robbery are more akin to those arising in sexual assault cases than in property-oriented crimes."[20] In other words, robbery is a crime against a person and not against property. "Although robbery involves the taking of property, the legislature's concern in enacting the robbery statute was with violence and

---

[19] *Id.* Tr. at 14-15.
[20] *Washington v. State,* 863 A.2d 485, 489 (Del. 2003).

intimidation."[21] For that reason, the cases cited by Yelardy for the proposition that when there is "one heist" there is only one crime are inapposite. Although Yelardy cites it in connection with his argument on the PFDCF charges, *State v. Bridgers*[22] has applicability to his argument on the robbery charges. In *Bridgers,* the Court held that a bystander to robbery who is threatened with a deadly weapon is not a victim of robbery, but the lesser-included offense of aggravated menacing.[9] But, that Court acknowledged that, under Delaware law, multiple bank employees, in contrast with bystanders, could be separate robbery victims.[23]

7.      Here, the State presented evidence in an effort to persuade the jury that each of the four named victims either was forced to deliver up property or was threatened with force in an effort to prevent or overcome their resistance to the taking of the property. The jury agreed with the State and found Yelardy guilty of each robbery count.

8.      Yelardy's merger argument on the PFDCF charges similarly is misguided. The Delaware Supreme Court has held that "imposition of consecutive sentences for a defendant's convictions for first degree robbery and for possession

---

[21] *Id.* at 490.

[22] 988 A.2d 939 (Del. Super. Ct. 2007).

[23] *Id.* at 939 ("Under Delaware's law, each employee from whom Defendants took money and the branch manager are separate robbery victims (citing *Ross v. State,* 1989 WL 27744 (Del. 1989); *McCoy v. State*, 361 A.2d 241 (Del. 1976)); *Id.* at 944 ("Taking the cases from Delaware and elsewhere into account, the court assumes that anyone from whom property is taken by threat or force and anyone actively involved during a theft-in-progress such as an arresting police officer or a pursuing homeowner, may be a robbery victim.")

of a firearm during the commission of a felony, where both charges related to the same conduct by the defendant, did not violate the Double Jeopardy Clause."[24]

**THEREFORE**, Stanley Yelardy's Motion to Correct Illegal Sentence under Rule 35(a) is **DENIED.**

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

oc:    Prothonotary
cc:    Investigative Services

---

[24] *Washington,* 836 A.2d at 490 (citing *Le Compte v. State,* 516 A.2d 898 (Del. 1986).