IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JERMAINE D. BRINKLEY, | § | |
| | § | No. 476, 2017 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1412017874 (K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: May 1, 2018
Decided: July 10, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **O R D E R**

(1) This appeal is from the Superior Court's order of October 23, 2017 denying the appellant's motion for correction of sentence. The Court has considered the appellant's opening brief, the appellee's motion to affirm, and the Superior Court record—including the transcript of the appellant's guilty plea and sentencing—and has concluded that the Superior Court's judgment should be affirmed.

(2) On June 30, 2016, the appellant, Jermaine Brinkley, pled guilty to eight criminal offenses and was sentenced. The sentence included a total minimum mandatory penalty of ten years of Level V incarceration—two years for each of the

five class B felony offenses to which Brinkley pled guilty.[1]  Brinkley did not appeal the sentence.

(3)     In September 2017, Brinkley filed a motion for correction of sentence asking the Superior Court to issue an order "clarifying" that the five two-year terms of minimum mandatory incarceration were meant to be served concurrently.  In support of his request, Brinkley attached a copy of the June 30 automated sentence order, which stated "ALL SENTENCES OF CONFINEMENT SHALL RUN CONCURRENT."

(4)     By corrected sentence order dated October 17, 2017, the Superior Court deleted the statement "ALL SENTENCES OF CONFINEMENT SHALL RUN CONCURRENT" from the June 30 automated sentence order.  After correcting the June 30 sentence order, the Superior Court denied Brinkley's sentence correction motion on the basis that the corrected sentence order accurately reflected the sentence imposed on June 30, 2016. This appeal followed.

(5)     The Superior Court is authorized to correct a clerical error in an automated sentence order to make the record conform to the actual sentence imposed.[2]  In this case, it is clear from the record that the Superior Court sentenced Brinkley to five consecutive two-year terms of minimum-mandatory Level V

---

[1] 11 *Del. C.* § 4205(b), (d).
[2] Del. Super. Ct. Crim. R. 36; *Gibbs v. State*, 229 A.2d 502, 504 (Del. 1967).

incarceration for his class B felony convictions.[3] The Superior Court's corrected sentence order did not illegally enhance the sentence, as Brinkley would have this Court conclude.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[3] *See* Guilty Plea and Sentencing Tr. at 10, 12, 17, 22–24 (June 30, 2016). The record suggests that the clerical error may have occurred because the parties requested—and the Superior Court agreed—that the sentence in this case should run concurrently with a sentence imposed on March 15, 2015 in another of Brinkley's cases. *See id.* at 5, 11, 24.