IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WAYNE O. REVEL, JR. | § | |
| | § | No. 466, 2022 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID Nos. S1906000518 |
| STATE OF DELAWARE, | § | S1904008958 |
| | § | |
| Appellee. | § | |

Submitted: April 14, 2023
Decided: May 26, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## <u>ORDER</u>

After consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) In 2020, the appellant, Wayne O. Revel, Jr., pleaded guilty to multiple charges in two cases, resulting in the following sentences:

- Disregarding a police signal (Criminal Action No. S19-06-0138): two years of imprisonment, with credit for 158 days, suspended after one year for probation;

- Second-degree conspiracy: two years of imprisonment, suspended for probation;

- Second-degree reckless endangering: one year of imprisonment, suspended for probation;

- Disregarding a police signal (Criminal Action No. S19-04-0388): two years of imprisonment, with credit for 22 days, suspended after 90 days for probation;

- Driving under the influence of drugs: one year of imprisonment, suspended for probation;

- Possession of drug paraphernalia (Criminal Action No. S19-09-0145): six months of imprisonment, suspended for probation; and

- Possession of drug paraphernalia (Criminal Action No. S19-06-0143): six months of imprisonment, suspended for probation.

(2) In May 2021, the Superior Court found Revel in violation of probation and resentenced him. Revel appealed to this Court, which reversed and remanded for resentencing. On October 7, 2021, the Superior Court resentenced Revel for the 2021 VOP (the "2021 VOP"). The court discharged the sentences for both counts of possession of drug paraphernalia as unimproved and imposed the following sentences for the remaining offenses:

- Disregarding a police signal (Criminal Action No. S19-06-0138): "7 month(s) at supervision level 5 with credit for 496 day(s) previously served," suspended for probation;[1]

- Second-degree conspiracy: two years of imprisonment, suspended for probation;

- Second-degree reckless endangering: one year of imprisonment, suspended for probation;

- Disregarding a police signal (Criminal Action No. S19-04-0388): one year, three months of imprisonment, with credit for 246 days previously served, suspended for probation; and

---

[1] *See infra* at 4-5 for discussion of this sentence.

- Driving under the influence of drugs: one year of imprisonment, suspended for probation.

Revel did not appeal from the October 7, 2021 VOP sentence order.

(3) On February 2, 2022, a probation officer filed a VOP report alleging that Revel had been placed under the supervision of that officer on October 19, 2021, but had never reported and had made no effort to comply with his probation. A capias issued on February 2, 2022, and was returned on May 13, 2022. It appears that Revel was then released on bail on May 16 or 17, 2022. On June 23, 2022, the probation officer filed another VOP report, which alleged that Revel never reported following his release in May 2022 and had made no effort to comply with his probation. A capias issued the following day and was returned on November 7, 2022.

(4) At a VOP hearing on December 2, 2022, Revel admitted that he was in violation of probation. The Superior Court found Revel to be in violation of probation (the "2022 VOP") and imposed the following sentences:

- Disregarding a police signal (Criminal Action No. S19-06-0138): discharged as unimproved;

- Second-degree conspiracy: two years of imprisonment, suspended for one year of Level III probation with GPS monitoring;

- Second-degree reckless endangering: one year of imprisonment, suspended for probation;

3

- Disregarding a police signal (Criminal Action No. S19-04-0388): five months of imprisonment, with no probation to follow; and

- Driving under the influence of drugs: one year of imprisonment, suspended after three months, with no probation to follow.

(5) Revel has appealed from the December 2, 2022 VOP sentence order, arguing that the Superior Court did not give him credit for all the time that he has served. After careful consideration of the record, we find no reversible error. "It is well-established that appellate review of sentences is extremely limited."[2] Our review of a sentence generally ends upon a determination that the sentence is within the statutory limits prescribed by the legislature.[3] If the sentence falls within the statutory limits, "we consider only whether it is based on factual predicates which are false, impermissible, or lack minimal reliability, judicial vindictiveness or bias, or a closed mind."[4] When sentencing a defendant for a VOP, the trial court may impose any period of incarceration up to and including the balance of the Level V time remaining to be served on the original sentence.[5]

(6) Revel first argues that he should have received credit for 496 days that he served for the offense of disregarding a police signal in Criminal Action No. S19-06-0138. If the 2021 VOP gave Revel credit for all time served before then, the

---

[2] *Kurzmann v. State*, 903 A.2d 702, 714 (Del. 2006) (citation omitted).
[3] *Mayes v. State*, 604 A.2d 839, 842 (Del. 1992).
[4] *Kurzmann*, 903 A.2d at 714.
[5] 11 *Del. C.* § 4334(c).

4

Superior Court could impose a period of incarceration for the 2022 VOP up to the balance of the Level V time remaining on the 2021 VOP sentence.[6] Revel has failed to establish that he is entitled to receive an additional 496 days of credit for time served. The 2021 VOP sentence order states the sentence imposed for disregarding a police signal in Criminal Action No. S19-06-0138 as "7 month(s) at supervision level 5 with credit for 496 day(s) previously served," suspended for probation. But the transcript of the October 7, 2021 hearing makes clear that the Superior Court carefully reviewed the time served, resolved any doubt in Revel's favor, determined that Revel should receive credit for a total of 496 days on the original two-year sentence imposed for this offense (leaving backup time of more than seven months), and imposed a remainder of seven months. Stated differently, the transcript makes clear that the court sentenced Revel to seven months for the 2021 VOP *after taking into account* 496 days of time served, *not* seven months *minus* 496 days of time served.[7] The record reflects that the language in the October 7, 2021 VOP sentence

---

[6] *See Pavulak v. State*, 880 A.2d 1044 (Del. 2005) (vacating sentence imposed for second VOP because it exceeded the sentence imposed for first VOP); *see also Nickerson v. State*, 2012 WL 252402, at *2 (Del. Jan. 26, 2012) ("[U]pon finding a defendant has violated probation, the Superior Court is authorized to reimpose any previously suspended prison term, giving credit for all time previously served.").

[7] *See State v. Revel*, ID Nos. 1904008958, 1906000518, Transcript at 6:12-15 (Del. Super. Ct. Oct. 7, 2021) (imposing sentence for Crim. ID No. 19-06-0138-01 of "seven months Level 5, *which gives credit* for 496 days as we calculated them previously served, and I will suspend that for three months Level 3 probation." (emphasis added)); *see also id.* at 3-4 (discussing time served).

order did not correctly record the sentence imposed and that Revel had seven months of backup time in Criminal Action No. S19-06-0138 after the 2021 VOP.[8]

(7) Revel next contends that he should have received credit for periods when he was in custody between April 17, 2022, and May 17, 2022, and between November 6, 2022, and December 2, 2022. Revel did not present this claim to the Superior Court in the first instance, and we therefore review for plain error.[9] The record reveals no plain error. In the 2021 VOP sentence order, the Superior Court sentenced Revel to five years and ten months, with credit for 246 days, or approximately five years and one month.[10] In the 2022 VOP sentence order that is at issue in this appeal, the Superior Court sentenced Revel to four years and five months. Even assuming, without deciding,[11] that Revel was entitled to receive credit for April 17, 2022, through May 17, 2022, and November 6, 2022, through December 2, 2022, it appears that the 2022 VOP sentence was within the balance of Level V time remaining to be served on Revel's sentences.

---

[8] *See Gibbs v. State*, 229 A.2d 502, 504 (Del. 1967) (recognizing the Superior Court's "inherent authority . . . to amend its records to make them conform to the facts and truth of the case," including "to correct an ambiguous or erroneous recording of a sentence imposed in open court").

[9] DEL. SUPR. CT. R. 8.

[10] This aggregation of the relevant sentences incorporates the Court's conclusion as to the 496 days served for disregarding a police signal in Criminal Action No. S19-06-0138, discussed *supra*.

[11] The record indicates that Revel also incurred new charges during some of the periods at issue. For example, Revel admits that he was taken into custody in Pennsylvania, but he asserts that he was not held on new charges during the period for which he claims credit, but rather was awaiting extradition to Delaware in this matter. The record lacks sufficient information to resolve this dispute because Revel failed to present his claim to the Superior Court in the first instance.

(8)     Revel's final claim on appeal is that the Superior Court judge had a conflict of interest because Revel's attorney allegedly had the same surname as the judge.  This claim is not supported by the record, which reflects that Revel's attorney did *not* have the same surname as the judge.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice